12    1
s13  237

12    1
f22  410

12    1
27   416

12    1
30   187

12    1
f32   72

BRIGHAM YOUNG TRUST COMPANY, A CORPORA-
TION, RESPONDENT, v. HENRY WAGENER, AP-
PELLANT.[1]

1. LANDLORD AND TENANT.—ESTOPPEL IN PAIS.—SUFFICIENCY OF
PLEA.—QUÆRE.—Plaintiff sued defendant for $780 for rent on
certain premises from October 1, 1891, to November 1, 1892. De-
fendant admitted he had not paid the rent for the period stated,
but denied that he had been in possession since September 30,
1891. For further answer he alleged that on or about the 1st
day of May, 1892, he tendered the plaintiff $480, the rent up
to June 1, 1892; that plaintiff refused to accept the same and
informed defendant that the lease had been forfeited, and that
it had taken possession of the premises; that the premises were
vacant, and that defendant intended to erect thereon certain
buildings, but being induced to believe that he had lost the
premises, took no further steps to build, or to exercise any

---

[1] Petition for a rehearing granted December 9, 1895.

control or possession over the same. The answer also alleged
that under the terms of the lease plaintiff had a right to declare
a forfeiture and to take possession of the premises without
process of law and without any opposition, and that defendant
had relied upon the declarations and conduct of the plaintiff,
and that on that account the plaintiff was estopped to claim
the rent. *Held*, that the answer was insufficient to constitute
a plea of equitable estoppel, in that though the representations
of the plaintiff that it had re-entered and had forfeited the
lease were false, and intentionally made to deceive the defend-
ant, yet there is nowhere a hint in the answer that defendant
was ignorant of the real facts. *Quære*. Can the question of
the insufficiency of the plea of equitable estoppel be raised for
the first time on appeal, the plaintiff having joined issue upon
it without demurring or objecting at the trial to any evidence
being offered in support of the plea?

2. ID.—ID.—SUFFICIENCY OF FACTS TO CONSTITUTE EQUITABLE ES-
TOPPEL.—To constitute equitable estoppel, the facts pleaded
must be of such character and sufficient to make a cause of
action for deceit in favor of the party pleading the estoppel.

3. ID.—ID.—ELEMENTS NECESSARY TO CONSTITUTE EQUITABLE ES-
TOPPEL.—QUÆRE.—To constitute equitable estoppel, it is neces-
sary that there should have been—*First*, a false representation
of a material fact; *second*, such representation must have been
knowingly made; *third*, the party pleading the estoppel must
have been ignorant of the facts; *fourth*, the representation
must have been made with the intention that it should be
acted upon; *fifth*, the other party must have been misled to
his injury. *Sed quære*. Where a person's acts, conduct, or
representations are made for the purpose of inducing another
to believe in the existence of a certain state of facts and to
act accordingly, and the latter, relying upon the acts, conduct
or representations, does so act in the way intended without
knowing the true state of facts, is not the former estopped to
gainsay or deny that the facts are different from what he
represented them to be when such gainsaying or denial would
injure the latter, though the former at the time did not intend
to deceive or did not know that his representations were false?
*Vel quære*. Do the elements of fraud, false representation, or
deceit enter into equitable estoppel arising from election?

(No. 546.   Decided June 14, 1895.   40 P. R. 764.)

APPEAL from the District Court of the Third Judicial District. Hon. S. A. Merritt, *Judge.*

Action by the Brigham Young Trust Company against Henry Wagener for rent. From a judgment for plaintiff, and from an order overruling his motion for a new trial, defendant appeals. *Affirmed.*

*James A. Williams,* for appellant.

This case turns upon the doctrine of equitable estoppel or estoppel *in pais* arising from conduct and from election. On the 1st day of May, 1892, defendant was in default in the payment of rent in the sum of $480. On the 9th day of May he tendered that amount, which paid the rent up to June 1, 1892. The agent of the company refused the money and returned the check and informed defendant that the lease had been forfeited and that they had taken possession of the property. The property was vacant during said term, and a mere entry upon it would be sufficient to create a forfeiture without actually keeping a person in charge. On the 3d day of May the board of directors of the company passed a resolution agreeing to accept the rent on defendants "agreeing not to assign or sub-let without our consent, nor to rent for immoral purposes, saloon purposes, and to pay the rent at the company's office. Carried." The secretary wrote defendant a letter stating the effect of the resolution adopted. On May 9, defendant sent a check for $480 in payment of the rent, thereby, in effect, informing the company that he would not submit to a new lease or new conditions. Defendant's check was returned by the treasurer on May 10. In this letter the treasurer said: "The company would accept his rent on his forfeited lease on certain conditions." Spencer Clawson, the treasurer and the only witness for

the company, said on cross-examination: "They were new conditions we were to have him reinstated in his lease." "Q. In other words, you considered the old lease forfeited, but if he would comply with the new conditions you would allow him to occupy the property? A. Yes, sir; that is about it. Q. The Brigham Young Trust Company was contemplating building several blocks over and about town on their several properties in the spring of 1892? A. Yes, sir. Q. And you did build on some of the properties—blocks? A. Yes, sir." And further on Clawson says: "We refused to receive the money when he tendered it, for the lease was forfeited until he complied with the resolution you have read." "Q. You would not accept the rent though under the old lease when he offered it to you? A. No, sir; because he had forfeited the original lease. We were willing to reinstate him on the condition named. We would not have asked any rent if he had complied with the conditions. In other words, we would rather lose the rent than not to have had a forfeiture of the lease. We wanted the property back; it was a fifteen-year lease * * * he was to comply with the new conditions and pay the back rent also." After the return of the defendant's check on May 10, he having refused by the tender of the check to agree to any new lease or new conditions, and having been told by the officers of the company that the lease had been forfeited and possession taken, he considered that he had lost the property, which had cost him $1,500, without having derived any benefit therefrom. He did not hear anything more about the rent money or the rent for about 6 months, when the company sues him, not only for the $480 tendered, but also for $300, that they claimed had accrued between May, the date of the tender, and the following November.

Appellant contends: *First.* That respondent's claim

for rent after tender and the refusal, and after the company had made him believe he had lost the property, is outrageous and without any show of right whatever. *Second.* That the company's claim for the $480 that was tendered and refused cannot now be enforced for two reasons: (1) Because at the date of the tender, the company, as landlord, had a right to insist upon a forfeiture and refuse the rent or to waive a forfeiture and accept the rent, but could not do both. It had to make an election. It elected to insist upon the forfeiture and that election is final. "Where, by reason of a breach of condition a lease becomes forfeited, the lessor is entitled to recover possession; he waives that right by the acceptance of rent, he cannot accept the rent and at the same time claim a forfeture of the lease." 2 Herman on Est. § 1046. (2) That the tender of the check was "an offer in writing to pay a particular sum of money, and was equivalent to an actual production and tender of the money," under 2 Comp. Laws 1888, § 3964. *Hyams* v. *Bamberger*, 10 Utah, 3; S. C. 36 P. R. 202; 25 Enc. of Law, 904, and sq. esp. 916–17.

An estoppel *in pais* in this case arises in two ways: *First*—By acts and conduct. *Second*—By election.

First by *acts and conduct:* The return of the check, the letters of the secretary and treasurer, the resolution of the board of directors, the declarations of the officers of the company at the time to Wagener that the lease was forfeited for non-payment of rent in advance, and that possession had been taken, were acts and conduct such as to make, and were intended to make, and did make Wagener believe he had forfeited the lease and lost all right to the premises. Wagener did believe this and acted accordingly, to his prejudice. Is the company now to be heard to say that it did not intend to forfeit the lease; that notwithstanding these declarations of its

agents, the letters, the resolution, the return of the check and its conduct generally, that it really had not taken possession as a matter of fact of the premises in question, and really did not intend to create a forfeiture? Is the company, after all this, to be allowed "to blow hot and cold?" "One cannot blow hot and cold. This is a trite expression of the maxim, *allegans contraria non est audiendus.* This fundamental is of wide application in the law of equitable estoppel. He cannot treat a contract as subsisting and afterwards avoid it." 2 Herman on Est. § 1039. "He cannot treat a contract as subsisting and afterwards avoid it." Is it not as true to say: "He cannot treat a contract as no longer subsisting and afterwards enforce it," especially if the other party has changed his position for worse by also treating the contract as no longer subsisting?

In *Stowe* v. *United States*, 86 U. S. 13, Bk. 22, L. Ed. 144, in a note, we find the principle laid down as follows: "Party who has made another believe a certain state of facts to be true either by his silence, declarations or acts, is estopped from denying its truth, where such course has intended to and did influence the conduct of the other," citing a large number of authorities. "If one person is induced to do an act prejudicial to himself, in consequence of the acts or declarations of another, on which he had a right to rely, equity will enjoin the latter from asserting his legal rights against the tenor of suct acts or declarations." *Branson* v. *White*, 17 Wall. 32, Bk. 21, L. Ed. 566. "He who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted." *Dickerson* v. *Colgrove*, 100 U. S. 578, Bk. 25, L. Ed. 618. "It is a general principle both at law and in equity that when a party, by his declaration or his conduct has induced an-

other to act in a particular manner which he would not otherwise have done, such party will not afterward be permitted to set up a claim inconsistent with such declaration or conduct if such claim will work an injury to the other party or those claiming under him." *Banks* v. *American Track Soc.*, 4 Sandf. Ch. 438.

Second, by *election:* The conduct of the treasurer showed that as a shrewd business man he had clearly in his mind the doctrine of equitable estoppel. He grasped the doctrine better even than the court did at the trial or the attorney for the company. When Wagener sent him the check for $480 he returned it and in his evidence he says: "In other words, we would rather lose the rent than not to have had forfeiture of the lease; we wanted the property back." He was right. He knew that he could not insist upon a forfeiture and also accept the rent money. He knew that by accepting the rent money that it would put Wagener in good standing with his lease; that it would be a waiver of the forfeiture. He not only shows this by his conduct at the time of returning the check, etc., but also admits it on the witness stand. "Acceptance of rent is a waiver of forfeiture in a case where a lease provides for re-entry in the event of a breach of the obligation, where the lessor had knowledge that the condition was broken at the time he accepted it." *Silva* v. *Campbell*, 24 Pac. Rep. 316. "Where, by reason of a breach of condition, a lease becomes forfeited, and the lessor is entitled to recover possession, he waives that right by the acceptance of rent. He cannot accept the rent and at the same time claim a forfeiture of the lease." 2 Herman, *supra.* "The lessor is estopped by the receipt of rent. * * * He cannot at the same time claim that the lease is void for one purpose and valid for another." 2 Herman on Est. § 1048. "Acceptance of rent accruing after knowledge of a breach of condition by the tenant is a waiver of the forfeiture.

*Gomber* v. *Hackett*, 6 Wis. 323; 12 Enc. of Law, 758*m* note. The company knew of the breach of condition, and knew that by accepting the check it waived the right to insist upon a forfeiture. "Subsequent receipt of rent waives a forfeiture. *Camp* v. *Pulver*, 5 Barb. (N. Y.) 91; *Coon* v. *Brickett*, 2 N. H. 163; *Jackson* v. *Brownson*, 7 Johns. (N. Y.) 227; *McKildoe* v. *Darracott*, 13 Gratt. (Va.) 228; *Walker* v. *Engler*, 30 Mo. 130; *Granhart* v. *Finney*, 40 Mo. 449; 12 Enc. of Law, 758*m*, note; 2 Herman Est. § 1048.

*Mr. Richard W. Young, Mr. Barlow Ferguson,* for respondent.

The defendant has not pleaded in his answer the essential elements to constitute a plea of equitable estoppel, which are as follows: *First.* There must have been a false representation or a concealment of *material facts,* not *matters of law or opinion. Second.* The representations must have been made or the concealment practiced with knowledge of the facts unless the party was bound to know them. *Third.* The party relying on the representations must have been ignorant of the facts. *Fourth.* The representations must have been made or the concealment practiced with the *intention* that it *should be acted* upon. *Fifth.* The other party must have been induced to act upon the representation or concealment.

His action must have been of a character to result in *substantial prejudice* were he not permitted to rely on the estoppel. 7 Am. & Eng. Enc. pp. 11–18 and cases cited. *Facts* relied upon as an estoppel must be specially pleaded; otherwise evidence of them cannot be received. Big. on Est. (4th ed.) 679; Herman on Est. § 1304; *Bray* v. *Marshall*, 75 Mo. 327; *Maxwell* v. *Longenecker*, 89 Ill. 103; *Tallman* v. *Varick*, 5 Barb. 277. As to the essentials of an equitable estoppel, see the following leading cases: *Bidde Bogs* v. *Merced M.*

*Co.*, 14 Cal. 369; *Eldred* v. *Hazlett*, 33 Pa. St. 307; *Shapley* v. *Abbott*, 42 N. Y. 447; 93 U. S. 326, Bk. 23, L. Ed. 229; *Canal Co.* v. *Hathaway*, 8 Wend. 483; see, also, §§ 762-3, 1046 of Herman on Est.; Pom. Eq. Jur. § 805.

SMITH, J.:

This was an action to recover rent. The defendant held under a written lease. There was a verdict for plaintiff, and, defendant having moved for a new trial, his motion was overruled, and he appeals. Some seventeen assignments of error are made in this court. It is not necessary to pass upon these *seriatim*. The complaint alleged the making of a written lease of certain premises in Salt Lake City to Wilcken and Turnbow. The lease itself was made an exhibit. The rental was $60 per month. It then alleged that defendant had become the assignee of the lease at some time prior to October, 1891. It then alleged the rent to be due and in arrears from October 1, 1891, to November 1, 1892, and prayed judgment therefor, the amount being $780. The lease was for fifteen years from April, 1890. The defendant answered; admitted plaintiff's title to the leased premises; also admitted the making and assignment of the lease; admitted he had not paid the rent for the period stated in the complaint, but denied that defendant had been in possession of the premises since September 30, 1891. The answer then alleges that on or about the 1st day of May, 1892, he tendered the plaintiff $480, being the rent up to June 1, 1892, but that plaintiff refused to accept the same, and informed defendant that the lease had been forfeited, and that plaintiff had taken possession of the demised premises; and it is further alleged that plaintiff had in fact taken possession. The defendant set up, by way of further answer, that the premises were vacant land, and that defendant intended to erect thereon certain buildings, but that, after plaintiff informed him

that his lease was forfeited, he considered he had lost all right in said premises, and took no further steps to build thereon.    The answer then alleged that the plaintiff had the right to declare a forfeiture of said lease and to take possession of the premises without process of law, and that the plaintiff, by declaring a forfeiture and refusing to accept the rent tendered in May, thereby estopped itself from claiming rent from the defendant.    The lease contained the following provisions: "It is hereby agreed that if any rent shall remain due and unpaid for a period of ten days, or if default shall be made by the party of the second part in any of the covenants herein contained, then said party of the first part is hereby guaranteed.  *  *  * the right and privilege, without notice of any sort or any process of law, and without any opposition,  *  *  *  to enter either by himself or otherwise,  *  *  * and take full, complete, and unmolested possession." The rent was payable monthly in advance.    The court instructed the jury, in effect, that defendant was liable for rent until the plaintiff did in fact re-enter.    A re-entry was pleaded, as we have seen, but there was no evidence to support the plea of such re-entry prior to November 1, 1892.    The defendant, in this court, expressly waives this defense, and admits there was no eviction in fact, but relies upon the matters of estoppel pleaded.    It is not necessary to recite the evidence in the case; it is sufficient to say that it tended substantially to prove the facts alleged in the answer as an estoppel.

The court having disregarded the plea of estoppel in its charge to the jury,· and exceptions to the charge and refusals to charge as requested by defendant on this subject having been properly saved, the question is squarely . presented whether the facts pleaded constitute an equitable estoppel against the plaintiff.    As we understand the rule, matters pleaded by way of equitable estoppel must

be of such character, and sufficient, as pleaded, to make a cause of action for deceit on the part of the defendant. The rule is stated in language of infinite variety in the many cases that have arisen in the courts. In *Branson* v. *Wirth*, 17 Wall. 32, the supreme court of the United States say: "If one person is induced to do an act prejudicial to himself in consequence of the acts or declarations of another on which he had a right to rely, equity will enjoin the latter from asserting his legal rights against the tenor of such acts or declarations." In *Dickerson* v. *Colgrove*, 100 U. S. 578, upon the same subject the supreme court say: "He who by his language leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted." It is not necessary to quote from other authorities; the rule is easily deducible from these. It is this: In order to create an estoppel of this character, it is necessary that the plaintiff, either by language or conduct should have—*First,* falsely represented or concealed a material fact; *second,* the false representation or concealment must have been knowingly made; *third,* the party pleading the estoppel must have been ignorant of the fact; *fourth,* the representation must have been made with the intention that it should be acted upon; *fifth,* the party pleading it must have been misled thereby to his injury in some substantial particular. Tested by this rule, does the matter pleaded as an estoppel in the case at bar fulfill the requirements? We think it is clear that it does not.

It may be admitted, for the purpose of this case, that the representation of the plaintiff that it had re-entered and had forfeited the lease was false, and intentionally made to deceive the defendant. There is nowhere a hint in the answer that defendant was ignorant of the real facts. This is a vital matter in any plea of equitable

estoppel or complaint for deceit.  If the plaintiff knew the truth, he had no right to rely upon a falsehood; and in a plea of this kind it is imperative that he should show his want of knowledge.    Then, again, this plea fails to disclose any substantial injury.  The only matter of which defendant complained in this regard is that he forbore to construct a building which he contemplated erecting. Whether it would have been to the advantage of the plaintiff or not if he had been permitted to erect the building is left wholly to conjecture.   There is nothing in the answer that even intimates that it would have been profitable to defendant to have constructed such building. It may have been greatly to his advantage that he did not build.   Suppose the defendant were suing the plaintiff for deceit, and were to allege the making of the lease in this case, and his default in the rent, and then allege that the plaintiff here had represented to him that it would not declare any forfeiture of the lease, and that it had not re-entered; that he considered his lease to be in full effect, and therefore contemplated erecting a building on the premises; but that plaintiff in fact had re-entered and forfeited the lease.    Would it be claimed for a moment that the complaint stated a cause of action?   We think not. The plea in this case must be tested by the same rule.

The only defense well pleaded was eviction in May, 1892.   This defense was not proved, and, as we have said, was expressly waived in this court.  But for this defense, the plaintiff would have been entitled to judgment on the pleadings.   We are therefore of opinion that the judgment of the court below should be, and it is, affirmed.

BARTCH and KING, JJ., concur.