# Modern · Woodmen of America v. Jennie Lane.

Filed June 5, 1901.   No. 11,508.

Commissioner's opinion, Department No. 2.

1. **Assignment of Error.** In an action tried to the court, in which separate findings of fact and conclusions of law were made, an assignment in the petition in error that "the judgment is contrary to law and is not sustained by sufficient evidence" does not call for specific review of each of the several conclusions of law.

2. **Assignment Considered Only as to Whether Conclusions Support Judgment.** In such case, the assignment that the judgment is contrary to law, none of the separate conclusions of law being complained of, and some being clearly right, can only be considered so far as to ascertain whether such conclusions support the judgment.

3. **Surrender of · Benefit Certificate: Issuance of New One: Ignorance of Law.** Where a representative of a mutual benefit insurance company, within the scope of his authority, accepts a surrender of a benefit certificate and a fee for the issuance of a new one, with knowledge that the holder of the certificate is in arrears for dues or assessments, the effect of his so doing is not avoided by evidence that he acted in ignorance of the legal consequences.

4. **Forfeiture Waived Without Estoppel on New Agreement.** The recognition of the continued validity of a certificate or policy, with knowledge of facts entailing a forfeiture, is a waiver of the forfeiture as a matter of law, and it is not necessary that there be a new agreement or the elements of an estoppel.

5. **A Secret Intention Can Not Prevail Against Deliberate Act.** A secret intention to insist upon a forfeiture can not prevail against deliberate acts, with knowledge of the forfeiture, which in law amount to a waiver thereof.

6. **Rules of Insurance Company: Waiver.** The rules of a mutual benefit insurance society provided that nonpayment of dues or assessments should operate as a suspension, and that a member under suspension, in order to be reinstated, must make proof of continued good health. They also provided that only members in good standing might change beneficiaries by surrendering the certificate and obtaining a new one. *Held*, That cancellation of a prior certificate, acceptance and retention of a fee for issuing a new one with change of beneficiary, and issuance of a new one accordingly, amounted to a waiver of such requirements, though the certificate holder was not in good health at the time.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*J. W. White, Talbot & Allen, J. G. Johnson* and *J. F. Hess,* for plaintiff in error:

William A. Lane was suspended and his certificate became null and void by reason of his own failure and default. No act was necessary on the part of the order or of its officers as a condition precedent. *Supreme Lodge v. Keener,* 25 S. W. Rep. [Tex.], 1084; *Borgraefe v. Supreme Lodge,* 22 Mo. App., 127; *Grand Lodge v. Jesse,* 50 Ill. App., 101.

William A. Lane was bound to know the provisions of the by-laws of the order of which he was a member, to wit, (1) that he could not be reinstated while sick; (2) that he must be reinstated before he could change his beneficiary. Niblack, Accident Insurance and Benefit Societies, sec. 18; *Supreme Commandery v. Ainsworth,* 71 Ala., 436; *Supreme Lodge v. Knight,* 117 Ind., 489; *Bauer v. Samson Lodge,* 1 N. E. Rep. [Ind.], 571; *Harvey v. Grand Lodge,* 50 Mo. App., 472.

Waiver in insurance law is governed by the same rules as equitable estoppel. The act relied on as a waiver, must have been done intentionally, or with gross carelessness and with a knowledge of the facts and circumstances surrounding the case. 2 Bacon, Benefit Societies and Life Insurance, 420-424; May, Insurance, secs. 505, 507; *Burke v. Utah Nat. Bank,* 47 Nebr., 247.

There can be no waiver unless so intended by one party and so understood by the other. 2 Herman, Estoppel and Res Judicata, sec. 825; *Bennecke v. Ins. Co.,* 105 U. S., 355, 359.

The waiver under consideration, never arises by implication. It is only enforced to prevent fraud. *Security Ins. Co. v. Fay,* 22 Mich., 467; *Flower v. Elwood,* 66 Ill., 438, 447; *Illinois Masons' Benevolent Society v. Baldwin,* 86 Ill., 479; *Northwestern Mutual Life Ins. Co. v. Amer-*

*man,* 119 Ill., 329, 336; *Lewis v. Phœnix Mutual Life Ins. Co.,* 44 Conn., 72, 73, 89; *Union Mutual Life Ins. Co. v. McMillen,* 24 Ohio St., 67; *Stohr v. Musical Fund Society,* 82 Cal., 557; *Robertson v. Metropolitan Life Ins. Co.,* 88 N. Y., 541; *Diller v. Brubaker,* 52 Pa. St., 498; *Lantz v. Vermont Ins. Co.,* 139 Pa. St., 546; *Schmidt v. Modern Woodmen,* 84 Wis., 101.

The burden of showing such waiver is always on the party claiming it.

The by-laws must be followed strictly. *Lyon v. Supreme Assembly,* 26 N. E. Rep. [Mass.], 236; *Wells v. Independent Order of Foresters,* Vol. 9, Canadian Law Times, 178.

*Matthew Gering, contra:*

It is now the universal doctrine of courts that any mutual organization which has for its purpose, in addition to its fraternal character, the insurance of its members and the payment of a stipulated sum, upon the member's death, to his beneficiary is to all intents and purposes an insurance company and is bound in the same manner as ordinary life insurance companies, and the doctrine of waiver and agency is applicable to them. 1 Joyce, Insurance, sec. 34; *Commonwealth v. Wetherbee,* 105 Mass., 149, 160; *State v. Live Stock Ass'n,* 16 Nebr., 549, 552; *State v. Farmers' Benevolent Ass'n,* 18 Nebr., 276, 281; *Burlington Voluntary Relief Department v. White,* 41 Nebr., 548.

The failure of a member to pay an assessment does not avoid the policy; it is only voidable at the option of the insurer. The by-law under which it was said the contract was void, and the one allowing the member to be reinstated under certain conditions are irrevocably opposed to each other, and both can be upheld only on the rational theory that the contract is voidable at the option of the insurer. If the constitution contains two inconsistent provisions, the one most favorable to the insured will be adopted. *Wolf v. Grand Lodge,* 102 Mich., 23; *Phœnix Ins. Co. v. Lansing,* 15 Nebr., 494; *Campbell*

*v. Merchants & Farmers' Mutual Fire Ins. Co.*, 37 N. H., 35; *Schreiber v. German-American Hail Ins. Co.*, 45 N. W. Rep. [Minn.], 708.

A society, after demanding, receiving and retaining, until after the death of a member, the amount of an assessment due from him, can not claim that the money was demanded and received by mistake, and that the certificate is forfeited. Niblack, Accident Insurance and Benefit Societies, sec. 302; *Bailey v. Association*, 71 Ia.; 689; *Millard v. Supreme Council*, 22 Pac. Rep. [Cal.], 864; *Menard v. Society*, 27 Atl. Rep. [Conn.], 1115.

POUND, C.

This action was brought upon two benefit certificates issued to William A. Lane, husband of the plaintiff. Upon trial to the court, a jury being waived, the plaintiff, as beneficiary, recovered upon the certificate set up in her second cause of action, and judgment was rendered for the defendant upon the other. The cause is here on error to review the judgment for the plaintiff upon the second cause of action.

The trial court made very full and clear findings of fact and conclusions of law, and we have been furnished with unusually careful and elaborate briefs in which a number of points arising thereon are exhaustively discussed. But we find ourselves unable to review a great number of questions suggested, by reason of failure to assign them specifically in the petition in error. There are eight separate findings of fact and three of law, and we are asked to review each of the latter specifically, upon an assignment in the petition in error that "the judgment is contrary to law and is not sustained by sufficient evidence." As we shall show presently, the findings of fact are sustained by the evidence. But we need not pass upon the effect of the joint assignment of error under such circumstances for the reason that, even if the assignment that the judgment is contrary to law stood alone, it would not suffice to call for a specific

review of each of the conclusions of law. The Code of Civil Procedure (sec. 297) requires separate statement in writing of the findings of fact and conclusions of law, where trial is had to the court, if either party desires to except to "the decision of the court upon the questions of law involved in the trial." As the expressed purpose of making separate findings and conclusions of law is to enable the parties to question the rulings of the court upon legal questions involved, it would seem that if they desire so to do they should except to the conclusions found, or such of them as they desire to make exception to, expressly and specifically. In Indiana, where a similar statutory provision is construed by the courts as intended for the "express purpose of enabling a party to except to the decision of the court upon the questions of law involved in the trial" (*Nading v. Elliott*, 137 Ind., 261, 36 N. E. Rep., 695), it is well settled that in order to obtain a review of separate conclusions of law, error must be assigned with respect to them specifically, and that an assignment that the judgment is contrary to law will not avail to that end. *Nading v. Elliott, supra; Midland R. Co. v. Dickason,* 130 Ind., 164, 29 N. E. Rep., 775, and cases cited. In *Midland R. Co. v. Dickason,* the court says: "In order to present for review in this court the correctness of the conclusions of law, deduced by the court from the facts found, two things are necessary: 1. An exception to the conclusions of law must be taken at the time the decision is made. 2. It must be assigned as error in this court that the court below erred in its conclusions of law. * * * The appellants having waived, by failing to except, all objections to the conclusions of law, it was not error for the court to render judgment for the plaintiffs in accordance with such finding and conclusions." In *Nading v. Elliott,* the court says: "As the specifications make no legal attack upon the conclusions of law, but only seek to assail the judgment that the court rendered thereon, they are ineffectual to bring into review such conclusions." This rule seems to follow from the ex-

pressed purpose of the requirement that separate con-
clusions of law be made, and is in accord with the hold-
ings of this court in analogous cases. *World Mutual
Benefit Ass'n v. Worthing*, 59 Nebr., 587; *Frenzer v. Rich-
ards*, 60 Nebr., 131; *Drexel v. Daniels*, 49 Nebr., 99. See
also *Hanover Fire Ins. Co. v. Shrader*, 11 Tex. Civ. App.,
255, 31 S. W. Rep., 1100; *Lytle v. Prescott*, 57 Minn., 129,
58 N. W. Rep., 688; *Smith v. Kipp*, 49 Minn., 119, 51 N. W.
Rep., 656. For these reasons we do not think that the
assignment that the judgment is contrary to law requires
us to go further than to ascertain that the judgment fol-
lows from and is sustained by the findings of law, as to
which there are no specific assignments of error. As they
are not complained of, we may take them to be the law
of the case, and a judgment in accordance with them may
not be said to be contrary to law. *Frenzer v. Richards*,
*supra.* If, however, it could be said that the assignment
in question challenged the conclusions of law, there is
still the difficulty that it would of necessity assign them
as error *en masse*, and hence, in view of the obvious cor-
rectness of at least one of them, would clearly fail. An
assignment of error which assails several conclusions of
law jointly, will fail if any one is correct. *Jones v. Mayne*,
55 N. E. Rep. [Ind.], 956.

Another assignment of error, however, properly chal-
lenges the sufficiency of the evidence upon the 7th finding
of fact, which is also complained of in the brief. In that
finding, the court finds that after the certificate recov-
ered upon was issued no dues or assessments became pay-
able or were levied; that prior to such time, Lane had
been in arrears for dues, but that the defendant with
notice and knowledge of that fact accepted a surrender
of the prior certificate, and accepted and retained a fee
for issuing, and issued the certificate in question. Sev-
eral objections are made to this finding. It is said, first,
that the clerk of the local camp, who received the money
and sent it in with the old certificate for cancellation and
the application for the new one, while he knew that the

member was in arrears and under suspension, did not understand that he was waiving any rights of the defendant by his acts, and did not intend so to do. It is said that the evidence is that he "unthinkingly" signed the papers and sent them in. The rules of the society required a member to be in good standing in order to change the beneficiary by surrender of certificate and issuance of a new one, and required that, if suspended, he must be in good health in order to be reinstated. The clerk of the local camp, knowing these requirements and all the circumstances, proceeded to take the money, sign and forward the papers, because, he says, he thought if Lane "got well he could be reinstated and it would be in force just the same." In other words, he was under no misapprehension as to the facts, and the sole objection is that he did not apprehend the full legal effect of acts he did voluntarily, with knowledge of all the circumstances. We think the finding of the court that defendant accepted the fee and the surrender of the old certificate with full notice and knowledge of the facts is abundantly justified by this evidence. It is also said that the head clerk, who prepared and forwarded the new certificate, did so by reason of carelessness or oversight of an employee in the certificate department in his office, in that such employee failed to look up Lane's standing, but accepted the certificate of the clerk of the local camp to the application as sufficient evidence of good standing. This was only a conjecture of the head clerk in his testimony. But, conceding that such were the circumstances under which the new certificate was issued, the evidence discloses that the records in the head clerk's office showed at the time exactly where Lane stood, and hence we fail to perceive wherein the fact that the head clerk failed to act upon the knowledge in his possession, and notice conveyed by his own records contravenes the finding of the court that defendant had such knowledge and notice. As was said of a similar organization in a like case, "It acted under no deception or misrepresentation, but it had all the in-

formation which it cared to take the pains to acquire."
*Rice v. New England Mutual Aid Society,* 146 Mass., 248,
15 N. E. Rep., 624.

The defendant contends that the objections just con-
sidered are tenable because there would be no waiver by
reason of the acts of the local and head clerks in the ab-
sence of further facts and circumstances sufficient to
create an estoppel, or unless they intended by what they
did to waive the requirements and conditions in question.
We can not agree to either proposition. It is well settled
in this state that estoppel is not the basis of the rules of
law as to waiver of forfeitures. *Home Fire Ins. Co. v. Kuhl-
man,* 58 Nebr., 488. In that case SULLIVAN, J., says: "The
contention that a waiver must have the elements of an
estoppel in cases of this kind cannot be sustained. 'It
is,' says Sutherland, J., in *People v. Manhattan Co.,* 9
Wend. [N. Y.], 351, 'a technical doctrine introduced and
applied by courts for the purpose of defeating forfeitures.'
In *Titus v. Glens Falls Ins. Co.,* 81 N. Y., 410, it was held
that an effective waiver need not be based on either a
new agreement or an estoppel. Substantially the same
holding was made in *Hollis v. State Ins. Co.,* 65 Ia., 454;
and such is now the settled doctrine of this court." A
benevolent association which issues benefit certificates
to its members payable from a fund maintained by as-
sessments upon the certificate holders is in effect a mutual
life insurance company, and is governed by the general
rules of law applicable to such companies. *Supreme
Lodge Knights of Honor v. Davis,* 26 Colo., 252, 58 Pac. Rep.,
595. As to life insurance companies, the principle that
waiver is not a matter of new agreement or estoppel, but
is a legal consequence flowing from recognition of con-
tinued validity of the policy after facts amounting to for-
feitures, is well settled. *Mee v. Bankers Life Ass'n,* 69
Minn., 210, 72 N. W. Rep., 74. As a consequence, it would
seem clear that so long as the officers of defendant knew
the facts and knew what they were doing, an undisclosed
intention to rely upon a forfeiture which their acts ig-

nored could not avail to prevent a waiver.[*] To hold otherwise, would enable the insurer to collect assessments indefinitely, in disregard of the forfeiture,. so long as it suited its interest so to do, and to assert a secret intention to insist upon the forfeiture, whenever such course better accorded with its advantage. Such is not the law. As the court well said in *Mee v. Bankers Life Ass'n, supra,* "To the contention that a waiver of forfeiture necessarily involves an intention to waive, and that from the evidence of the secretary it conclusively appeared that the defendant did not intend to waive this forfeiture, it may be said that such a rule would allow a secret intention to defeat the legal effect of unequivocal and deliberate acts. The secret intention, if there was one, to consider the insurance certificates as forfeited, unless the health certificate was furnished, cannot be allowed to prevail against the acts of the officers of the association."

For the foregoing reasons, we think the defendant can not insist that Lane was not in good standing when the change of beneficiary was made. Nor do we think that it may now urge that at the time it accepted his money and made the change Lane was not in good health. It is true that Lane was sick at the time and died shortly after the new certificate issued. But his condition was well known to the clerk of the local camp who took the money, canceled the old certificate and sent for the new one, and the head clerk, whose records showed that Lane was under suspension and could not make such change without a physician's certificate of good health, made no objection and issued the new certificate. [*] The knowledge of the local clerk was probably chargeable to the defendant (*Order of Foresters v. Schweitzer,* 171 Ill., 325, 49 N. E. Rep., 506), but the records of the head clerk's office disclosed enough so that we need not pass upon that question. The acts of the two clerks taken together certainly waived all requirements as to good health or proof thereof at the time the change was made.[*] *Supreme Lodge Knights of Honor v. Davis, supra; Order of Foresters*

*v. Schweitzer, supra; Mee v. Bankers' Life Ass'n, supra; McCormick v. Catholic Relief Ass'n*, 39 App. Div. [N. Y.], 309. In the *Mee Case*, the insured was not in good health and could not have been reinstated had the company insisted on the forfeiture, but demand and receipt of a subsequent assessment was held a waiver. In the *Davis Case*, receipt of assessments, with knowledge that the certificate holder was beyond the age limit upon which the certificate was conditioned, was held to waive the condition. In the *Schweitzer Case*, the certificate holder was engaged in a hazardous and prohibited business when the certificate issued, but as this was known to the local officers at the time, the society was not permitted to take advantage thereof. These rulings are in accord with principles long established in this state as to other forms of insurance (*Hartford Life & Annuity Ins. Co. v. Eastman*, 54 Nebr., 90; *Phenix Ins. Co. v. Holcombe*, 57 Nebr., 622; *Slobodisky v. Phenix Ins. Co.*, 53 Nebr., 816), and meet with our full approval.

It is recommended that the judgment be affirmed.

OLDHAM and SEDGWICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.