## EGAN v. MISSOURI STATE LIFE INS. CO. et al.

No. 25137.   June 30, 1936.

Reuben M. Roddie, for plaintiff in error.

Keaton, Wells, Johnston & Barnes, for defendant in error.

RILEY, J.   This action was commenced by George W. Egan, upon a life insurance policy for $1,000, issued August, 1917, by the International Life Insurance Company of St. Louis, Mo., upon the life of Josephine Keith, afterwards Josephine Bronson.

Shortly after the policy was issued George W. Egan loaned the insured $250, and she assigned the policy to him. The insurance company recognized and accepted the assignment. The insured also executed a power of attorney to Egan authorizing him to do any and all things relative to the insurance policy that she, herself, might do.

In the year 1928, the Missouri State Life Insurance Company assumed all the obligations of the International Life Insurance Company.

The policy carried a provision whereby the company agreed, after the policy had been in effect two years, to lend, on the policy, an amount specified in a table of guaranteed values ranging from $30 for the third year to $466 for the 20th year.

After the assignment of the policy to Egan, he continued to pay the premiums thereon until shortly before this action was commenced.

In 1930, and up to about July, 1931, Egan made two or three applications to the company for a loan under the loan clause of the policy, but was advised by the company that the loan could be made to him only upon an order of court.

On July 18, 1931, an action was commenced in the district court of Oklahoma county, styled George W. Egan and Mrs. G. A. Bronson v. The Missouri State Life Ins. Company, wherein a decree directing the company to make a loan to Egan on said policy was sought. A decree was obtained directing the company to make the loan to Egan in the sum of $298. The company complied with the decree, and satisfaction of the judgment was asknowledged and entered of record November 16, 1931.

The action at bar was commenced February 15, 1932, for recovery under the policy upon the theory that the insured was dead, in that she had disappeared and had not been heard from for more than seven years. The unknown heirs, executors, devisees, and administrators of insured were made parties defendant.

By amendment to the petition in response to a motion to make more definite and certain, plaintiff alleged that he had not personally heard from insured since late in 1917, and that her disappearance was prior to the year 1928.

Defendant answered by general denial, admitting, however, the issuance of the policy. It also pleaded the statute of limitations, in that if insured disappeared at the time alleged, more than five years had elapsed after the cause of action arose; defendant pleaded laches in that if plaintiff ever had a cause of action, he had allowed defendant to change its position to its prejudice; and that plaintiff joined the insured with him as a party plaintiff in the action to require defendant to make the loan, and that it was necessary as a part of that action that the insured be alive at the time, and that the allegations in that action were inconsistent with plaintiff's allegations in this action.

At the close of plaintiff's evidence defendant demurred thereto, and the court sustained the demurrer upon the ground that: "The previous judgment is a bar to this suit." Judgment was entered for defendant, and plaintiff appealed. After the appeal was lodged in this court, plaintiff Egan died, and the cause was revived in the name of Vernice Egan, executrix.

There is no controversy as to the sufficiency of the proof of the death of insured, or as to the payment of the premiums on the policy by plaintiff, amounting in all to about $725.

The question presented is whether plaintiff was barred by reason of the former action and the judgment therein rendered.

The general rule is:

"Where a person has, with knowledge of the facts, acted or conducted himself in a particu'ar manner, or asserted a particular claim, title, or right, he cannot afterward assume a position inconsistent with such act, claim, or conduct to the prejudice of another who has acted in reliance on such conduct or representations." 21 C. J. 1202.

The rule has certain elements and certain limits:

"To render the rule operative it is essential that in taking the former position the party against whom the estoppel is claimed should have acted with knowledge of his rights, and that he was aware of the facts in respect of the estoppel claimed, also that the party invoking the estoppel was misled by the acts or conduct of the party against whom the estoppel is claimed, that he changed his position in reliance thereon, and was justified in so doing, and that he was prejudiced thereby, or the party against whom the estoppel is claimed benefited. No estoppel arises where the positions taken are not necessarily antagonistic. * * *" 21 C. J. 1205.

There was no specific allegation in the petition in the former suit that the insured was alive at that time. There is no conten-

tion that she appeared other than by attorney. The action was brought in her name under the power of attorney executed in 1917. By the nature of the case and the fact that the insured was made party plaintiff by virtue of and under the power of attorney, the position of plaintiff must have been that the insured was then alive. Otherwise the claim would have then been for payment of the principal, and no loan could have been available. Also the power of attorney expired with the death of the maker.

Such also must have been the position of the defendant insurance company, for it was and had been for a long time collecting and receiving the premiums, and sending notice regularly to plaintiff. As to whether the insured was then alive the position of plaintiff was in no way antagonistic to that of defendant. The real question then is, applying the rule stated above, whether defendant was prejudiced or in any way injured by the action and its results. From the record in this case it appears that defendant knew as much about the disappearance of the insured at the time the former case was tried as did the plaintiff. Assuming, then, that plaintiff knew the facts were then such as would justify the presumption that the insured was then dead, defendant knew the same facts. The rule is that where a party knows the truth he has no right to rely upon a falsehood. Brigham Young Trust Co. v. Wagener (Utah) 40 P. 764.

We are unable to see wherein defendant was prejudiced by the action of plaintiff in procuring the judgment requiring it to make the loan. It was then paying over far less than it should have paid if the insured was then dead. In addition thereto it was enabled to and did collect premiums thereafter.

Plaintiff admits that credit for the amount of the loan should be allowed, and credit therefor was given in the petition.

Defendant concedes the rule followed in Williams v. Purcell, 45 Okla. 489, 145 P. 1151, to the effect that estoppel is based upon the idea that one has suffered loss or detriment on account of a particular position or representation of another. Defendant contends that it did suffer loss or detriment in that "it engaged in litigation." It resisted a lawsuit, but the litigation it engaged in and the lawsuit it resisted was suggested by it. It refused to make the loan (which by the contract contained in the assigned policy it was bound to do) without an order of court. But, as pointed out, its final liability is reduced by the amount of the loan. It is said that the case adjudicated certain matters prejudicial to defendant, viz., that the premiums were paid. We do not understand that defendant then contended they were not. If it was defendant's position then that the premiums were not paid, why did it not resist the loan on that ground? It did not adjudicate that premiums were thereafter paid. Plaintiff in this action testified that all premiums except the first were paid by him down to the date this suit was filed. The demurrer to the evidence admits this.

"In the absence of injury it is, of course, immaterial that other elements of estoppel are present." 21 C. J. 1138.

There can be no estoppel from setting up the truth unless this will work prejudice to someone. Amundson v. Standard Printing & Mfg. Co., 140 Iowa, 464, 118 N. W. 789.

It does not appear that defendant, by making the loan as required by the judgment in the former suit, will eventually be called upon to pay more because of said loan if it be found as a fact that the insured is dead. Unless such be the case, there is no prejudice and no injury to defendant because of the position assumed by both parties in the prior suit.

It was therefore error to sustain the demurrer to plaintiff's evidence on the ground stated.

It is contended that, aside from the particular ground stated in the journal entry sustaining the demurrer, plaintiff's action was barred by the statute of limitations.

This cause was tried to the court without a jury, and the court sustained the demurrer to plaintiff's evidence upon the sole ground that the former judgment was a bar to this suit, and so stated in the journal entry of judgment. This should foreclose the idea that the court considered and found plaintiff's cause of action was barred by the statute of limitations. But, as the question may arise upon another trial, we will consider the question.

Whether or not the general statute of limitations applies to an action under circumstances such as are here presented, does not appear to have been decided by this court. The question was decided in Bennett v. M. W. A. (Cal. App.) 199 P. 343. There the insured had disappeared more than ten years before the suit was commenced. During all that time the association demanded of and received dues and assessments. It was held that plaintiff's action was removed from the application of the general rule of limitations. Therein is quoted with approval from

M. W. A. v. Lane, 62 Neb. 89, 86 N. W. 943, the following:

"To hold otherwise, would enable the insurer to collect assessments indefinitely, in disregard of the forfeiture, so long as it suited its interest to do so, and to assert a secret intention to insist upon the forfeiture, whenever such course better accorded with its advantage."

Also from Kelly v. Ancient Order of Hibernians Ins. Fund of Minn., 13 Minn. 355, 129 N. W. 846:

"The association ought not to be permitted to take advantage of its own neglect and refuse payment on the ground that the beneficiary did not sooner compel payment."

Defendant in this case demanded and received the premium down to the time the suit was filed. Altogether it collected something over $700, most of which it accepted after it had knowledge of the disappearance of the insured. Under the authorities cited, we are of the opinion that defendant was in no position to rely upon the general rule of limitations.

The judgment is reversed and the cause is remanded for a new trial.

OSBORN, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur. PHELPS, J., disqualified, not participating. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.