PAULINE FEE, A SINGLE WOMAN, APPELLANT, V. DWIGHT FEE, APPELLEE.

388 N.W.2d 122

Filed June 13, 1986.    No. 85-242.

Simon Lantzy of Lantzy & Parsons, and Steven R. Brott, for appellant.

Richard L. Halbert and Michael R. Dunn, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Pauline Fee filed an action against her stepson, Dwight Fee, involving a 10-year written lease entered in 1978 for a farm in Richardson County. Pauline's petition contained three causes of action seeking, first, rescission of the lease on account of Dwight's misrepresentation as an inducement to the lease; second, a determination that Dwight had "forfeited" his interest in the lease as a result of abuse and misuse of the leasehold; and, third, if the court found the " 'Farm Lease' is in effect," a declaratory judgment concerning a provision in the lease regarding allocation of expenses between the lessor and lessee. In his answer and cross-petition, Dwight reciprocated Pauline's request for a declaratory judgment and alleged eight additional causes of action—six causes of action (I to VI) to obtain Dwight's reimbursement of expenses in the amount of $27,421.28 incurred during the lease with Pauline from 1979 to 1984, one cause of action (VII) to reform the lease (scrivener's mistake in omitting the provision for the mutually intended allocation of expenses between Pauline and Dwight), and a cause of action (VIII) for an accounting. The causes of action for monetary judgment against Pauline included a prayer for prejudgment interest.

The parties presented evidence about the farm operations under the lease. Pauline's evidence indicated a situation of Dwight's apparent independence in farming, that is, Pauline

had no "input" in management of the farm, and Dwight was "managing the farm to suit himself." Evidence included a description of Dwight's particular farming practices bearing upon good husbandry and optimal use of the farmland. Documentary evidence was received, showing an itemization and allocation of farm expenses, such as herbicide, fertilizer, and custom combining, generally shared equally between Pauline and Dwight. Dwight's evidence shows that the expenses, such as those under the lease in question, are borne equally by the lessor and lessee, subject to some adjustments. According to the evidence presented, the total of such expenses, paid by Dwight on behalf of Pauline through the farm year in 1984, was $20,283.79. On Dwight's motion the trial court dismissed Pauline's causes of action regarding misrepresentation and forfeiture.

At the conclusion of trial on December 6, 1984, the court took the case under advisement and allowed the parties until December 20 to submit briefs. On December 19 Pauline filed a "Request by Plaintiff Under Section 25-1127, R.R.S. Nebraska," requesting the trial court to "separately state in writing the conclusions of facts and the conclusions of law in support of its decision" and to "make specific findings" regarding 13 features of the case; for example, "[t]he stated purpose of the farm lease," "the . . . conclusions of law as to how the Court can amend or change the lease as entered into between the parties," the basis for any decision concerning the share of expenses borne by each party, the time for payment of expenses, Dwight's ability to "independently determine the expenses to be incurred," "[w]ho shall determine the crops to be planted," and, finally, Pauline requested the court to state the "theory upon which the Court relies in finding [Pauline's] liability" for expenses in farm operations conducted by Dwight under the lease.

In its "Journal Entry and Judgment" of December 27, the trial court dismissed Dwight's causes of action I to VII (reimbursement of expenses and reformation) but found there was a valid lease between Pauline and Dwight and the parties understood that lease expenses would be borne equally. The court then entered judgment in favor of Dwight for $28,219.60,

which was comprised of $20,283.79 for Dwight's reimbursement of expenses incurred for Pauline and $7,935.81 as prejudgment interest accrued to the date of trial, December 6. Pretrial interest was assessed by the court at 15.33 percent per annum.

Pauline assigns three errors: (1) The trial court's failure to state findings of fact and conclusions of law as requested; (2) Award of prejudgment interest; and (3) Prejudgment interest at 15.33 percent per annum, contrary to Neb. Rev. Stat. § 45-103 (Reissue 1984) (interest on decree or judgment). See, also, Neb. Rev. Stat. § 45-104.01 (Reissue 1984) (interest on a judgment, 14 percent per annum).

As noted from the assignments of error, Pauline does not assail dismissal of her actions for rescission and forfeiture but, apart from the questions about prejudgment interest, contends the trial court committed reversible error in failing to comply with her request for stated findings of fact and conclusions of law in accordance with Neb. Rev. Stat. § 25-1127 (Reissue 1985). According to Pauline, "It is apparent that the Plaintiff's right to appeal from the decision of the Court was prejudiced by the Court's failure to comply with the Plaintiff's request for separate findings of fact and conclusions of law under Section 25-1127 R.R.S. 1943." Brief for Appellant at 12.

A proceeding to rescind a written instrument is an equity action. *Christopher v. Evans,* 219 Neb. 51, 361 N.W.2d 193 (1985). An appeal to the Supreme Court in an equitable action is a trial of factual questions de novo on the record, requiring the Supreme Court to reach a conclusion independent of the findings of the trial court. Neb. Rev. Stat. § 25-1925 (Reissue 1985). The Supreme Court's de novo review of the record is subject to the rule that, where credible evidence is in conflict on a material issue of fact, the Supreme Court will consider the fact that the trial court observed the witnesses and accepted one version of the facts over another. *American Sec. Servs. v. Vodra,* 222 Neb. 480, 385 N.W.2d 73 (1986).

Section 25-1127 provides:

Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except, generally, for the plaintiff or defendant, unless one of the

parties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law.

The purpose of § 25-1127, requiring a trial court's separate statements regarding its findings of fact and conclusions of law, is to enable the parties to question the "rulings of the court upon legal questions involved." *Modern Woodmen of America v. Lane*, 62 Neb. 89, 93, 86 N.W. 943, 944 (1901). When requested by a litigant, a special finding of fact, stated separately from a conclusion of law, is "a mandatory requirement in a law action tried to the court [citation omitted], and it may be helpful in equity actions . . . ." *Dormer v. Dreith*, 145 Neb. 742, 747, 18 N.W.2d 94, 96 (1945). A trial court's statement of its findings of fact and conclusions of law may be helpful in an appellate review of an equitable action, but absence of such statement by the trial court, even when requested, is not prejudicial, because the Supreme Court, in a de novo review of the record, reaches a conclusion independent of any findings by the trial court. See *In re Estate of Wiley*, 150 Neb. 898, 36 N.W.2d 483 (1949). See, also, § 25-1127; *American Sec. Servs. v. Vodra, supra.*

There is an additional facet of the question raised by Pauline in reference to § 25-1127. Pauline requested the trial court's statement of fact in answer to 13 specific questions which, in essence, were interrogatories propounded to the court. A similar situation was presented in *Lindgren v. City of Gering*, 206 Neb. 360, 292 N.W.2d 921 (1980), an action brought under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983). In *Lindgren* one of the defendants requested the court to answer 22 specific questions concerning the lawsuit. The district court declined to answer the separate questions propounded but made specific findings of fact and conclusions of law. In rejecting the contention that it is reversible error for the trial court to fail to answer specific interrogatories propounded, we held at 371, 292 N.W.2d at 927:

[Section 25-1127] simply provides that, in an action tried to the court, the litigants may request the trial court to

make specific findings of fact rather than making a general finding for one of the parties. What those findings of fact should be and how they should be made is dependent upon the finder of fact. Under the provisions of § 25-1127, the court is not obligated to answer specific interrogatories propounded to it by a litigant, but is merely required, when requested, to make such specific findings of fact as the trial court concludes are appropriate and necessary to resolve the action. That the trial court did. There was no error.

In the case before us, notwithstanding Pauline's 13 interrogatories to the court, the district court did find that, under a valid lease, the parties understood that expenses incurred under the lease would be borne equally by the lessor and lessee. Such findings by the trial court complied with Pauline's request pursuant to § 25-1127 and were adequate for Pauline's appellate question about the "rulings of the court upon legal questions involved" in her lawsuit. See *Modern Woodmen of America v. Lane, supra.*

Given the fact that the district court determined there was a valid lease between Pauline and Dwight, including a provision for equal responsibility and sharing of expenses incurred through operations under that lease, and, further, in view of Pauline's request for an accounting in the event a lease was found to exist, Pauline, nevertheless, does not indicate in what respect the accounting, requested and ordered, may be incorrect. Rather, in reference to the lease in question, Pauline seeks a reversal only on the basis of the trial court's noncompliance with § 25-1127, characterizing such noncompliance as readily discernible prejudice to her appeal of the district court's decision. Yet, aside from her questions about prejudgment interest, Pauline does not direct our attention to any apparent error on the part of the district court in disposing of any cause of action raised in the pleadings of the parties.

Because the assignments of error are not supported by accompanying argument in the briefs, but are mere statements of general dissatisfaction with conclusions reached by the trial court, we will not speculate about the reasoning behind dissatisfaction of the parties. Without

argument and authority in support of an advocated position, speculation is unavoidable.

*Bohaty v. Briard*, 219 Neb. 42, 46, 361 N.W.2d 502, 505 (1985). To be considered by this court, errors must be assigned and discussed in the brief of the one claiming that prejudicial error has occurred. See Neb. Ct. R. of Prac. 9D(1)d (rev. 1983). Pauline's first assignment of error is without merit.

On the issue of prejudgment interest, the judgment of the district court is incorrect. As framed by the pleadings, especially Dwight's cross-petition, allocation of lease expenses to be borne by the parties was a major issue to be resolved in connection with the requested accounting.

It is the rule in this jurisdiction that prejudgment interest is allowable only where the amount of the claim is liquidated; conversely, where reasonable controversy exists as to the plaintiff's right to recover or as to the amount of such a recovery, the claim is considered to be unliquidated and prejudgment interest is not allowed.

*Langel Chevrolet-Cadillac v. Midwest Bridge*, 213 Neb. 283, 289, 329 N.W.2d 97, 101 (1983). See, also, *Land Paving Co. v. D. A. Constr. Co.*, 215 Neb. 406, 338 N.W.2d 779 (1983).

In view of the controversy concerning Pauline's share of the expenses, Dwight's claim was not liquidated. Under the circumstances, we believe equity should follow the law and not award prejudgment interest in this case. In *Mid-States Equipment Co. v. Poehling*, 204 Neb. 791, 285 N.W.2d 689 (1979), an equity action regarding a joint venture agreement, we held prejudgment interest was not allowed when a substantial dispute existed regarding an amount claimed to be due and that amount was ascertainable only by a trial of the issues. Therefore, prejudgment interest on Dwight's unliquidated claim is not allowed and was an abuse of discretion by the district court. The judgment of the district court in awarding prejudgment interest is incorrect and is reversed.

On account of our reversal of the district court's judgment concerning prejudgment interest, it is not necessary to resolve the question about the rate of interest applied by the district court.

With the exception of the award of prejudgment interest,

which is reversed, the judgment of the district court is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.

WHITE, J., participating on briefs.