MID-STATES EQUIPMENT COMPANY, A NEBRASKA
CORPORATION, APPELLANT, V. JOHN G. POEHLING,
APPELLEE.

285 N. W. 2d 689

Filed November 27, 1979. No. 42228.

John W. Herdzina of Abrahams, Kaslow & Cass-
man, for appellant.

Michael J. Mooney of McCormack, Cooney, Moo-
ney & Hillman, for appellee.

Heard before KRIVOSHA, C. J., CLINTON, and WHITE,
JJ., and STANLEY and GITNICK, District Judges.

GITNICK, District Judge.

This is an action brought by the appellant seeking
damages for breach of an oral joint venture agree-
ment between the parties hereto and further seeking
an accounting of materials, labor, and overhead ex-
pense which the appellant contends were wrongfully
appropriated by the appellee. The District Court
found that the parties were engaged in a joint ven-
ture and determined the amount due from appellee.
We affirm the judgment of the District Court.

The facts are confusing. In summary and simply
stated, the appellee, John G. Poehling, is a developer
of a leased recreational lake area known as Woodcliff

owned by Woodcliff, Inc., a corporation. Appellant, Mid-States Equipment Company, is engaged in the general construction business. Poehling and Mid-States Equipment Company, by its president, Gordon Erickson, agreed to a joint venture known as Mid-States Recreation Company for building cabins at Woodcliff pursuant to an oral understanding made in 1966 under which (a) Mid-States would cover all construction costs for labor and materials and keep the books and records; (b) Poehling would serve as general manager of the project to build cabins and was to be paid a salary, an expense allowance, and a discretionary bonus; and (c) profits from the sale of cabins constructed by the joint venture were to be divided between Poehling and Mid-States, but there was no understanding that Poehling was to stand any portion of the losses.

The joint venture encountered difficulties and there were no profits. Approximately on Labor Day of 1969, appellee was advised by appellant that they should no longer continue constructing cabins under the joint venture.

From January 1, 1969, forward the appellant charged the losses of the joint venture to the appellee based upon appellant's claimed modification of the original joint venture agreement.

The accounting records maintained by the appellant and the accounting records kept by appellee do not agree and are in substantial dispute concerning labor and materials used by appellee on nonjoint venture cabins and on work done personally by appellee.

The parties further disagree on (a) the disposition of a model cabin completed after termination of the joint venture agreement; (b) whether appellee agreed to guarantee certain accounts receivable due the joint venture; (c) whether certain cabins built by appellee were in fact joint venture enterprises; and (d) whether the appellant is indebted to the

appellee for the ground rent for the lot upon which appellant's solely owned cabin stands.

The principal events involved in this litigation took place in the period of years from 1967 through 1971, except as to the claim for the model cabin which is now owned by the appellant. This litigation commenced in 1972 and did not reach trial until 1978. The trial court, at the close of appellant's evidence, granted a partial directed verdict finding that an oral joint venture existed to construct recreational cabins and to share profits; that the appellee was permitted to build cabins for his own account in addition to his responsibilities to the joint venture; that appellee agreed to pay losses incurred by the joint venture for the year 1969 and interest thereon; and that appellant failed to sustain its burden of proof that appellee was to pay for certain accounts receivable, or that the model cabin was to be assigned and credited to the appellant in consideration for credit against losses guaranteed by the appellee for 1969 and 1970, or that the cost of certain labor and materials used in the construction of cabins for appellee's personal account were not paid. The court further determined that the appellant was not indebted to the appellee for any ground rent for the lot upon which appellant's solely owned cabin stands.

The trial court then proceeded as upon an accounting action and determined that appellant was entitled to recover from the appellee for certain materials and labor, and for the losses of the joint venture for 1969 and 1970. Whereupon, the court directed the sale of the model cabin with the proceeds of sale to be divided in the proportion of 60 percent to appellant and 40 percent to appellee after payment to appellant of construction costs for the cabin, and after payment to appellant of the cost of materials and labor and operating losses for 1969 and 1970. Certain accounts receivable were assigned in the same proportions, provided that if the proceeds available for

distribution from the sale of the model cabin were insufficient to pay appellant as above set forth, then the appellee's interest in the accounts receivable, to the extent necessary, should be used to compensate appellant for any such deficiency; and in the event such interest of the appellee in the accounts receivable was insufficient, then a judgment against the appellee in the amount of any deficiency should be awarded the appellant.

The appellant appeals from the overruling of its motion for new trial and assigns as error that the trial court erred  (a) in finding the model cabin not to have been transferred to the appellant in consideration of the reduction of the appellee's indebtedness for the construction cost of this cabin;  (b) in finding that the model cabin was an asset of the joint venture and should be sold and the proceeds distributed as set forth in the court's order;  (c) in failing to find that appellee used materials and labor paid for by appellant in cabins built by appellee for his personal account and not requiring the appellee to account to the joint venture for profits on such cabins;  (d) in failing to find that appellee agreed to guarantee payment of all accounts receivable; and (e) in failing to award prejudgment interest on the amounts found to be due from the appellee.

The evidence adduced by the parties is essentially variant and confusing as the result of memories of the witnesses affected by the long delay between the commencement of this action in 1972 and the trial in 1978.  It would do no good to set forth the testimony as presented.  The determination of this case resolves itself into a decision of the weight and persuasiveness of the evidence presented by both parties.  In determining the weight to be given the evidence, this court will consider the fact that the trial court observed the witnesses and their manner of testifying.  Metropolitan Life Ins. Co. v. SID No. 222, *ante* p. 350, 281 N. W. 2d 922 (1979).  Furthermore,

our review of the facts is subject to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. Gasper v. Moss, *ante* p. 24, 281 N. W. 2d 213 (1979). As an equity case, we review the record de novo on this appeal and reach an independent conclusion on such record without reference to the findings of the District Court.

An examination of the record convinces us that the judgment of the trial court should be affirmed.

The appellant finally urges that the trial court was in error in not awarding prejudgment interest on the amounts found due from the appellee. A substantial dispute existed between the parties as to the amount owed, and the amounts found to be due were ascertainable only by the court from a complex and voluminous record.

The question of the allowance of interest in equity matters, such as actions for an accounting, are usually discretionary with the court based on presented equities. Cumming v. Cumming, 193 Neb. 601, 228 N. W. 2d 296 (1975). As stated in 47 C. J. S., Interest, § 3, pp. 13 and 14: "Courts of equity, in decreeing or refusing interest, generally follow the law; and, on the other hand, it has been said that courts of law are sometimes affected by equitable considerations in the allowance of interest. Nevertheless, interest is sometimes allowed by courts of equity, in the exercise of a sound discretion, when it would not be recoverable at law. These courts, it has been said, will, in their discretion, allow or withhold interest as, under all the circumstances of the case, seems equitable and just, except in cases where interest is recoverable as a matter of right."

In our view of this case, the trial court did not abuse its discretion in not allowing prejudgment in-

terest. While the trial court did not assign a reason for disallowing prejudgment interest, in our view, if for no other reason, the failure of the appellant in prosecuting the litigation filed by it and permitting the case to linger for 7 years, not calling up motions, and not promptly filing amended pleadings is grounds sufficient to justify the court's action. Furthermore, we are not unmindful of the substantial dispute which existed in this litigation as to the amount due which was ascertainable only by trial of the issues. We, therefore, are of the opinion that no prejudgment interest is due the appellant.

We conclude that the assignments of error made by the appellant and the arguments advanced thereunder are without sufficient persuasive effect, and the judgment of the District Court in all matters is amply sustained by the evidence and the law and is correct.

AFFIRMED.