GEORGE E. HEYWOOD, SR., APPELLEE, V.
CLARA M. HEYWOOD, APPELLANT.

313 N.W.2d 229

Filed December 4, 1981.   No. 43599.

Charles 1. Scudder for appellant.

Ronald H. Stave and Joseph S. Daly of Sodoro, Johnson, Daly, Stave, Cavel & Coffey for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and BLUE, District Judge.

BLUE, District Judge.

The respondent and the petitioner were married on September 24, 1941, and were separated in December 1976. In November 1977, while the respondent was hospitalized for a serious mental condition, the petitioner obtained her signature on a withdrawal slip to a joint savings account in the amount of $26,695.21. This ac-

count represented proceeds from the sale of their home. The petitioner used a part of these funds to purchase stock in a corporation named Hey-met, Inc., which corporation acquired a liquor license and a bar. The petitioner also made advances and loans to this corporation of which the petitioner and another man were the sole stockholders.

The petitioner filed a petition for dissolution of the marriage of the parties on June 12, 1978, without disclosing any details regarding the withdrawal of the funds of the parties. A decree of dissolution was entered on August 14, 1978, providing for alimony for respondent and a division of property. Respondent did not attend the hearing, nor was she represented.

After the respondent regained her health to a certain extent and became aware of what had taken place, she filed a petition on September 17, 1979, to modify the original decree, claiming fraud on the part of the petitioner. On October 23, 1979, after an evidentiary hearing, the trial judge found that the petitioner had falsely represented the nature and extent of the marital assets of the parties, and modified the original decree. The modified decree awarded the respondent $5,000, and in paragraph 2a. of the decretal portion of the order it provided as follows: "Respondent be, and she hereby is, awarded one-half of the stock owned by Petitioner in Hey-met, Inc. If said stock has been sold by Petitioner, he shall forthwith pay unto Respondent one-half of any and all profit he has realized on said sale. If said stock has been sold by Petitioner at a loss, Respondent shall pay unto Petitioner one-half of any and all such loss." This was a final order as defined by Neb. Rev. Stat. § 25-1902 (Reissue 1979) and was never appealed.

The respondent subsequently discovered that the petitioner had sold the bar. She then, on January 11, 1980, filed an application which in effect asked for an accounting, and for the petitioner to substantiate what was due and owing to the respondent. A hearing was held on this application and evidence was presented

which showed that, although the shares of stock of Hey-met, Inc., were never sold, the only asset of the corporation, which was the bar, was sold on November 1, 1979. The testimony is that the petitioner suffered a loss of $9,562 when the bar was sold. After this hearing the judge entered an order on June 9, 1980, as follows:

"Upon consideration whereof, the court now finds generally for the Petitioner and finds that the Petitioner suffered a loss of nine thousand five hundred sixty-two dollars ($9,562.00) from the sale of the stock which he owned in Hey-met, Inc.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT the parties conduct themselves in accordance with the aforesaid finding in the performance of their respective rights and obligations pursuant to the terms of the Decree entered by this court on October 23, 1979."

The respondent filed a motion for a new trial, which was overruled. This appeal followed. The petitioner contends that the respondent, pursuant to the orders of the trial judge, is required to pay the petitioner one-half of his loss of $9,562 from the sale of the bar. This is manifestly unjust and a result which is not required under the facts of this case.

Paragraph 2a. of the decree of October 23, 1979, awarded to the respondent one-half of the stock. If the stock had been sold, it required the petitioner to pay to the respondent one-half of the profits from the sale of the stock, or if there was a loss, this paragraph required the respondent to pay petitioner one-half of such loss, but only if the stock had been sold prior to the date of the decree, which is October 23, 1979.

The evidence is that the stock had never been sold, and in fact the bar, the only asset of the corporation, had not been sold until November 1, 1979, after the date of the decree. Therefore, the only portion of paragraph 2a. of the decree of October 23, 1979, that is applicable is that portion which awards the respondent one-half of the stock owned by the petitioner in Hey-met, Inc.

We review this matter de novo on the record, and reach an independent conclusion on such record without reference to the findings of the District Court. *Kullbom v. Kullbom*, 209 Neb. 145, 306 N.W.2d 844 (1981); *Mid-States Equipment Co. v. Poehling*, 204 Neb. 791, 285 N.W.2d 689 (1979). Having this rule in mind, we find that the trial judge's finding in the order of June 9, 1980, to the effect that the petitioner suffered a loss of $9,562 from the sale of the stock which he owned in Hey-met, Inc., is erroneous and should be modified. The order as modified shall provide that the sale of the stock had not taken place, nor had the sale of the assets of the corporation of Hey-met, Inc., taken place at the time of the decree of October 23, 1979, and, therefore, under said decree of October 23, 1979, the respondent became the owner of her one-half of the stock of Hey-met, Inc., and could not be liable to the petitioner for any loss incurred in the sale of the assets of said corporation.

This matter is reversed and remanded with directions to modify the order of June 9, 1980, in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.