United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-3695

| | | |
|---|---|---|
| Society National Bank, a National Banking Association, | * * * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Parsow Partnership, Ltd., a Nebraska limited partnership; Alan S. Parsow, | * * | |
| | * | |
| Appellants. | * | |

_____

Submitted:  May 22, 1997
Filed: August 11, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Society National Bank ("Society") served as the subscription and distribution agent in connection with a securities offering. In the course of the offering, Society mistakenly issued 28,750 shares and warrants to Alan Parsow and his investment partnership, Parsow Partnership, Ltd. (collectively "Parsow"), who, in turn, paid the subscription price of $230,000 for these securities. Based on a determination of mutual

mistake, the District Court[1] rescinded the transaction and ordered Parsow to return the securities and Society to refund the purchase price. Additionally, Parsow was awarded interest at the statutory rate of six percent per annum for the period beginning on the date the offering closed and ending on the date Society first advised Parsow of the mistake and offered to rescind the transaction. On appeal, Parsow challenges only the interest component of the District Court's decision. We affirm.

Because the District Court's determination that the purchase and sale of the securities in question resulted from the parties' mutual mistake has not been appealed, we forego a detailed recitation of the circumstances in which the mutual mistake occurred. Instead, we turn directly to Parsow's arguments that he has been undercompensated by the District Court's award of interest.

As part of its remedy, the District Court awarded Parsow interest, pursuant to Neb. Rev. Stat. § 45-102 (1993), at the rate of six percent per annum on the principal sum of $230,000 for the period from January 27, 1993 (the date the rights offering closed) to June 9, 1993 (the date of a letter whereby Society first informed Parsow of the mistake and offered to rescind the transaction). The court reasoned that from June 9, 1993 forward, any loss in interest resulting from the $230,000 outlay should rest with Parsow and not with Society. If Parsow had accepted Society's June 9, 1993 offer of rescission, then Parsow would have had the $230,000 back and could have invested it as he saw fit, while still retaining the option to seek to recover from Society any additional amount he believed he was owed.

Parsow argues that the District Court erred in failing to award him interest on the $230,000 from June 9, 1993 through the date of the court's judgment. Moreover,

---

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Parsow argues that he is entitled to statutory interest at the rate of twelve percent per annum pursuant to Neb. Rev. Stat. § 45-104 (1993).

In a federal diversity action, the law of the state where the cause of action arises governs the award of prejudgment interest. See Fremont Nat'l Bank & Trust Co. v. Collateral Control Corp., 724 F.2d 1410, 1415 (8th Cir. 1983). Under Nebraska law, a trial court's decision to award interest as part of an equitable remedy is reviewed for abuse of discretion. See Newton v. Brown, 386 N.W.2d 424, 432 (Neb. 1986).

> "'[I]nterest is sometimes allowed by courts of equity, in the exercise of a sound discretion, when it would not be recoverable at law. These courts, it has been said, will, in their discretion, allow or withhold interest as, under all the circumstances of the case, seems equitable and just, except in cases where interest is recoverable as a matter of right.'"

Id. (quoting Mid-States Equip. Co. v. Poehling, 285 N.W.2d 689, 691-92 (Neb. 1979) (further citation omitted)). Parsow argues that because a rescission, such as was sought in this case, does not become effective until a court so decrees, the June 9, 1993 letter from Society did not act to rescind the securities transaction; therefore, the letter should not mark the point at which interest on the $230,000 ceases to accrue. Additionally, he argues, notice, such as that provided to Parsow by Society's letter, is of no legal significance in a case in equity where rescission is the remedy sought.

Parsow's arguments concerning the unique nature of equitable claims for rescission miss the point. While rescission in such cases is not effective until a court so decrees, see Kracl v. Loseke, 461 N.W.2d 67, 73 (Neb. 1990), Parsow's focus on the timing of the rescission fails to consider adequately the broader notions of fairness and equity that the District Court considered. "'Interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness; it is denied when its exaction would be inequitable.'"

-3-

Newton, 386 N.W.2d at 432 (quoting 47 C.J.S. Interest & Usury § 6, at 28 (1982)); see also Welch v. Welch, 519 N.W.2d 262, 274 (Neb. 1994) (stating that court of equity has discretion to award interest when it is "reasonable and just"). As Parsow's counsel conceded at oral argument, June 9, 1993 marked the time at which both Society and Parsow realized that a mistake had been made. Although Parsow took the position that the mistake was Society's alone, the District Court rejected that position. Given the unappealed determination of mutual mistake, we cannot say that the District Court abused its discretion by treating Parsow's decision to withhold the shares after learning of the mistake as shifting the equities against an award of interest on the $230,000 from June 9, 1993 forward. In evaluating the equities of the situation, the appreciation of the securities while Parsow held them is of no moment, because he was never entitled to ownership. Similarly misplaced is Parsow's argument that notice of putative grounds for rescission before suit is unnecessary and thus that Society's letter is of no legal consequence. While such prior notice is neither a prerequisite to a suit nor sufficient to effectuate a rescission, see Haumont v. Security State Bank, 374 N.W.2d 2, 7 (Neb. 1985), notice such as that provided by Society's letter, carefully explaining the existence of a perceived mutual mistake, surely qualifies as one of the "'circumstances of the case'" that determines whether an award of interest "'seems equitable and just.'" Newton, 386 N.W.2d at 432 (quoting Mid-States Equip. Co., 285 N.W.2d at 692).

Parsow also challenges the rate of the interest awarded. The District Court awarded interest at the rate of six percent per annum pursuant to Neb. Rev. Stat. § 45-102 (1993). Parsow argues that he is entitled to interest at the rate of twelve percent per annum pursuant to Neb. Rev. Stat. § 45-104 (1993). Determination of the appropriate statutory rate of interest is purely a question of law, which we review de novo. See Peterson v. Abbott (In re Estate of Peterson), 433 N.W.2d 500, 501 (Neb. 1988). Section 45-102, entitled "Interest; legal rate; exception," provides: "Interest upon the loan or forbearance of money, goods or things in action shall be at the rate of . . . six percent per annum . . . on the unpaid principal balance, unless a greater rate . . .

be contracted for by the parties."  Section 45-104, entitled "Interest; other contract obligations," provides:

> Unless otherwise agreed, interest shall be allowed at the rate of twelve percent per annum on money due on any instrument in writing, or on settlement of the account from the day the balance shall be agreed upon, on money received to the use of another and retained without the owner's consent, express or implied, from the receipt thereof, and on money loaned or due and withheld by unreasonable delay of payment.

We are not convinced that either statute is applicable to the case at hand.  Cf. Lienemann v. State Farm Mut. Auto Fire & Cas. Co., 540 F.2d 333, 343 (8th Cir. 1976) (holding § 45-104 inapplicable where "the action lies in tort rather than in contract"); In re Estate of Peterson, 433 N.W.2d at 502 (holding § 45-102 inapplicable because "[a] devise under a will is neither a loan nor a forbearance"); I.P. Homeowners, Inc. v. Radtke, 558 N.W.2d 582, 593 (Neb. Ct. App. 1997) (noting that § 45-104 "allows for interest on certain contractual obligations," but does not provide for interest on property held in constructive trust).  Because this case more closely fits within the parameters of § 45-102, however, we agree with the District Court's decision to apply an interest rate of six percent per annum.  Cf. Priest v. Priest, 554 N.W.2d 792, 797 (Neb. 1996) (upholding decision to award husband eight percent interest on a deferred marital property distribution, even though no statute provided for payment of interest in such a case).

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.