By the Court :
The testator in this case directed his executors to sell his real estate whenever, in their opinion, they could do so *to good advantage. He devised the proceeds of sale to be paid in shares to his wife and children, and appointed the payments to the children to be made when they should respectively become of age. We can not consider these provisions as giving to the executors a mere naked power to sell the land, because they confide a discretion as to the time of making the sale to good advantage, and because they are intrusted with the charge of the proceeds until the time appointed for paying it to the legatees. The executrix had an interest in the performance of the trust thus confided to her, and she had also an interest as one of the devisees of the proceeds. For the preservation of these interests, the law entitled her to the possession of the land, from which they could not be separated. The title certainly descended to the heir, while the trust remained unexecuted, subject to be divested by the execution of the power. But the right of possession did not descend with the title; that passed with the will for the better enabling the executors to effect the objects of the testator. We are consequently satisfied that the' plaintiff has such right of possession as enables her to sustain this action.
The laws of this state provide, that where lands descend in parcenary to heirs, some of whom may be of full age, and some minors, those of full age may petition for partition; and the power of hearing and determining upon this petition is conferred upon the courts of justice. If, upon certain proceedings, it shall appear that the lands- *305 can not be partitioned to advantage, power is given to the court® to direct a sale, and to distribute the money.
The proceedings and judgments of the courts, in a petition for partition, must, like judicial proceedings in all other cases, bind both parties and privies, while they remain unreversed, however erroneously they may have been conducted.
In this case, the court of common pleas clearly were invested with jurisdiction over the subject, and between the parties. Whether such interest descended to the heirs of Dabney, as entitled one of them to demand partition, was a judicial question, which that court were competent to decide. It naturally arose in the cause, and the decision of it concluded all concerned until reversed. The adjudication *upon every other fact in the cause, was of the same character.
It is urged, that by law the court are, in case of a sale being ordered, directed to require that the sale be made by the sheriff, and that, in this case, they appointed another person to make it. But this error could not have the consequence of taking away their jurisdiction, nor of rendering the sale void. They were authorized to direct a sale, by one person, and they directed a sale by another. There is no just analogy between such a case, and one where the court adjudge that to be done, which the nature of the action does not warrant, as adjudging that a defendant make a conveyance for land, or receive a beating in a personal action.
The judgment or decree, in the proceeding for partition, does not pretend to constitute Scott administrator for any other purpose, than perfecting the objects of that decree. The sale made by him was approved by the court, and the deed made accordingly, although it does not specially refer to the proceedings in partition as its foundation. The defendants purchased under the order of sale, and received their deed in confirmation of that purchase, and took possession under it. For the irregular proceedings of tho court, or of the person acting under its authorities, the defendants were not responsible. Whilst the decree remained in force, the plaintiff was divested of title, and the defendants invested with it. They committed no trespass by entering, for they entered under authority of law; and that they can not be made trespassers by relation, stands as strongly upon authority, as it does upon the principles of good sense, common honesty and justice. It is for the possession thus obtained and continued, and abandoned with *306 the destruction of the foundation upon which it stood, that this suit is brought. It is our opinion that it can not be sustained, and that the law of the case is with the defendants, for whom judgment must be given.