### HOFFMAN v HOFFMAN, et

Ohio Appeals, 1st Dist, Hamilton Co

No 5553.   Decided Feb. 20, 1939

A. B. Roessler, Cincinnati, for appellees.

Ireton & Schoenle, Cincinnati, and Wm. J. Stenger, Cincinnati, for appellants.

## OPINION

By HAMILTON, PJ.

This case is here on appeal on questions of law from a decree of the court of common pleas, granting partition of certain real estate described in the petition therefor.

There are several specifications of error, which can be summed up by saying that the error complained of is the right of the court of common pleas to grant a writ of partition, claiming that there

is no right or title to the property in the plaintiff or the defendants. That question involves a construction of the will of Louisa Fissel.

It appears that Louisa Fissel died testate, leaving six children, all over twenty-one years of age and married. On September 16, 1936, her will was admitted to probate and George Fissel, a son, who was named executor in the will, was appointed Executor of the estate. He proceeded with the handling of the estate, collecting the rents from real estate, etc., and distributing certain personal property and monies to the several children, legatees under the will.

May 19th, 1938, George Fissel was found to be an incompetent by the Probate Court of Hamilton County, and an entry removing him as Executor of the estate was placed of record.

June 11th, 1938, Walter M. Schoenle was appointed administrator de bonis non with the will annexed. Four days later, on June 15th, 1938, the instant suit under consideration in partition was filed, and all children legatees were named parties, either plaintiff or defendant. One of the defendants resists the suit in partition and appeals to this court from the decree of the court of common pleas granting the same.

As above stated, the right to partition depends upon the construction of the will of Louisa Fissel. The pertinent part of the will is as follows:

"ITEM II: I hereby direct and order my executor hereinafter named, to sell all the real estate of which I die possessed as soon after my death as in his discretion is to the best interest of my estate. Said sales may be private or public and my executor shall make a deed to the said purchaser of any parcel that he may sell, and the purchaser or purchasers thereof shall not be held responsible for the application of the purchase money."

It is argued by counsel for the parties seeking partition that this item gives but a naked power of sale, and

that under Item V of the will the real estate is devised in kind to all the children, and that they have such title as would give them the right to partition in the absence of an unexecuted power of sale by the executor.

Item V is as follows:

"ITEM V: All the moneys derived from the sale of my real estate, together with all property of which I die seized, both real and personal, I give and bequeath to my children, share and share alike. In case any of my children do not survive me, then their share shall go to their surviving heirs at law."

Now it is claimed by counsel for the defendant resisting partition that the power granted the executor under Item II is a power coupled with an interest, and is such a power as would result in the conversion of the realty into personalty, and is altogether in the hands of the Executor, who has that power.

It is argued for the parties seeking partition that under the terms of Item V of the will, which provides for the proper division of the estate, that the use of the words "both real and personal" is a direct devise of realty to the children legatees. It is also argued that the word "distcretion" used in Item II is a discretion as to whether or not the executor will sell and execute the power. This word "discretion" as used in that item has reference undoubtedly to the time and circumstances and condition for making the sale, and does not refer to whether or not he will exercise the discretion of executing the power of sale. The power is plain and explicit. Whether or not it works a conversion of the realty into personalty it is not necessary to determine, although there is strong authority to the effect that such language does work a conversion in equity. 9 O. Jur. 718, et seq.

Giving full effect to the language in Item V "both real and personal", it would seem that the testatrix was only

using a phrase to indicate all of her property, which language she uses in the preceding phrase "all property of which I die seized". But if the view be taken that this language would vest the real estate in the legatees, giving them title thereto, it ▇▇▇ would only be a naked title, without possession, and that naked title subject to be divested by the execution of the power possessed by the executor as provided.in Item II of the will. This conclusion is well supported by the case of **Dabney v Manning, et, 3 Ohio 321.** That was a case in which the will directed the executors to sell the real estate whenever, in their opinion, they could do so to good advantage. He devised all the proceeds of sale to be paid in shares to his wife and children, payments to be made to the children respectively when they became of age. The court said:

"We can not consider these provisions as giving to the executors a mere naked power to sell the land, because they confide a discretion as to the time of making the sale to good advantage, and because they are intrusted with the charge of the proceeds until the time appointed for paying it to the legatees. * * * The title certainly descended to the heir, while the trust remained unexecuted, subject to be divested by the execution of the power. But the right of possession did not descend with the title; that passed with the will for the better enabling the executors to effect the objects of the testator."

Applying that pronouncement, if we consider the matter from the standpoint of the parties seeking partition, we must find that the title may have passed under Item V of the will to the heirs, but they were not entitled to possession, a necessary element in order to secure partition. This. rule was quoted with approval in the cases of **Elsiner v Fife, 32 Oh St 358;. Horst v Dague, 34 Oh St 371;** and **Nimmons v Westfall, 33 Oh St 213.**

This being. the law, it is immaterial whether we consider the rule of equitable conversion as applicable, or that the title vested in the legatees, subject to being divested by the sale. There is no right of title in the legatees to maintain partition. In fact in the case of Dabney v Manning, supra, there was a suit in partition and the sale was had under the partition suit, which was subsequently set aside, and the rule pronounced as above stated.

It therefore follows that the right of sale was in the executor and that nothing transpired to cancel the power granted. The executor having been removed under the statute, the administrator de bonis non with the will annexed retains and has the power to act under the will and conclude the sale and distribute the proceeds thereof in accordance with the terms of the will to the six children, share and share alike.

Our conclusion is that the court erred in granting the writ of partition, and the judgment will be reversed and judgment entered here dismissing the petition.

MATTHEWS & ROSS, JJ, concur.