**PASSONI, Plaintiff v. BREEHL et, Defendants.**

Probate Court, Tuscarawas County.

Decided September 6, 1944.

(No appeal taken)

316

Fisher, Limbach, Smith & Renner, New Philadelphia, for plaintiff.

Bowers, Stafford & Bowers, New Philadelphia, for defendants.

## OPINION

By LAMNECK, J.

Edward Passoni died on the 2nd day of March, 1944, leaving a joint will executed by him and his surviving spouse on October 5, 1926. Following the probate of this instrument as his will, his surviving spouse, Mary Passoni, was appointed executrix of his estate.

The schedule of debts was filed in this estate on the 17th day of July, 1944, and on the same day the surviving spouse elected not to take under the will of the decedent.

On May 23, 1944, the surviving spouse filed a petition in this court in which she elected to purchase the decedent's one-half interest in the mansion house, which she owned jointly with the decedent, at the appraised value of $3000.00.

Clementine Passoni Breehl and Adeline Passoni Parente, two of the children of the decedent, filed a special answer to the petition to purchase in which they pray that the petition be dismissed; that the surviving spouse be refused an order

permitting her to purchase the mansion house at the appraised value; that the election of the surviving spouse not to take under the will be set aside and held for naught; and that the joint will be declared a valid contract between the decedent and the surviving spouse.

Four separate questions arise from the pleadings in this case, viz:

(1) Does the probate court have jurisdiction to vacate the election of a surviving spouse under the last will and testament of a decedent?

(2) What is the remedy for breach of a contract to make a joint will?

(3) Is a surviving spouse bound by the provisions of a joint will entered into by such surviving spouse and a decedent if made in pursuance of a contract?

(4) What is the jurisdiction of the probate court in a proceeding of a surviving spouse to purchase the mansion house of a decedent at the appraised value?

The probate court is one of special and limited jurisdiction, and it can exercise only such powers as the constitution and statutes confer upon it. (**In re Ferguson, 81 Oh St 58.**)

Under **Art. IV, §8, Constitution of Ohio,** the probate court has jurisdiction "in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, and such other jurisdiction, in any county or counties as may be provided by law."

Under §10501-53 GC, the probate court is empowered to exercise thirteen items of specific jurisdiction, but no part of this section confers any grant of general jurisdiction. It only confers such auxiliary or incidental powers in law and equity as are necessary to carry its specific powers therein conferred into effect.

The jurisdiction of the probate court to act on the election of a surviving spouse is not conferred by either **Art. IV, §8, Constitution of Ohio,** or by §10501-53 GC, but by virtue of §§10504-55 to 10504-64, inclusive, of the General Code. Under these sections the duties of the probate judge, if the election is made in person, are limited to an explanation of the provisions of the will and the rights of the surviving spouse, if any, under it and by law in the event of a refusal to take under the will. If the election is made by written instrument as in this case, the duties of the probate judge are limited to making a record of the election. When the probate judge makes an entry of

the election of a surviving spouse, his duty and authority regarding it are at an end.

If the surviving spouse's election not to take under the will is to be vacated, resort should be had to a court of equity to direct a cancelling of the election not to take. (See **Davis v. Davis, 11 Oh St 386; Ward v. Sark, 19 O. N. P. (N. S.), 401; Lingart v. Ripley, 19 Oh St 24; Trust Co. v. Conrad, 42 Oh Ap 150,** 181 N. E. 274; **Bell v. Henry, 121 Oh St 241,** 167 N. E., 880.)

Generally the remedy for breach of a contract to make a will is an action at law for damages or for specific performance, or a declaration of trust as against those who take legal title to the property in question. This is based on the theory that a will made in pursuance of contract is subject to revocation, and that actions for breach are not on the will itself but on the contract. It is the contract and not the will that is irrevocable. When a valid contract exists, the contract will be enforced. (See Page on Wills, §88; **Flower v. Flower, 32 Oh Ap 350; Minor v. Minor, 2 O. N. P. (N. S.), 439; Kennedy v. Kennedy, 45 Oh Ap,** 249; Doyle v Fischer, 198 N. W., 763.)

In the Flower and Minor cases, supra, each surviving spouse accepted the provisions of the joint will in her favor. In the Flower case the survivor made a new will. The action in both cases arose after the death of the survivor. The court can find no case where an action was instituted before the death of the survivor. It must be conceded that the probate court has no jurisdiction in a suit for damage or for specific performance for breach of a contract to make a will. Under §10501-53 **GC,** the probate court does have "plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute." Under this provision the probate court would have jurisdiction to determine whether a petitioner would be estopped from proceeding in a case before it. Consequently the court may refuse an order in this case only if the surviving spouse is estopped from proceeding by reason of a valid contract barring her action; or, if any provision of §10509-89 **GC,** which is a ground for a refusal exists in this case.

A number of decisions from Ohio and other states have been cited in this case, which hold that where a valid and subsisting agreement is entered into by two parties to leave property to each other, and joint or mutual wills are executed in pursuance thereof, and thereafter the contract is broken by one of them after death of the other, an action will lie for breach of contract, and in a proper case there may be specific

performance of contract or declaration of trust as against those taking title to the property in question.

The surviving spouse in this case may not execute another will, and if she does not make another will, she will have performed her portion of the contract if one exists. This will not be known until after her death. The mere fact that she has renounced the benefits under the contract in her favor would not in itself be a breach. In fact some courts hold that if a surviving spouse elects not to take under the joint will of a decedent, the joint will as her will is revocable during her lifetime. (Page on Wills, Sec. 88.)

In the jurisdictions outside of Ohio in which decisions have been cited, the court has found no statute which places a limitation upon the rights of a husband and wife to contract with each other, as that imposed by §8000 GC, which reads as follows:

"A husband and wife can not by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their children during the separation."

In all of the cases cited from Ohio involving a joint will of husband and wife, we can find no case in which §8000 GC was considered in a suit over a joint will of husband and wife based on contract.

In the case of **DuBois v Coen, 100 Oh St 17,** the supreme court held that the term "legal relations" as used in §8000 GC, comprised not only the purely marital relations existing between them, but also the property provisions which the law gives to each upon the death of the other, and that a husband and wife living together could not alter their legal relations by a post-nuptial agreement, contracting away their dower right and distributive share provided for each of them under the statutes.

If the joint will executed in this case constitutes an irrevocable contract between the parties, the result is that the surviving spouse contracted during coverture to release her distributive share in her husband's estate for the provisions made in her favor under the will. The court is unable to distinguish such a situation from a post-nuptial contract made during coverture where a spouse contracts away her dower rights and distributive share for a present consideration. The only dif-

ference in the instant case is that the payment of the consideration is postponed until the death of the first decedent. The court therefore holds that the surviving spouse not having accepted the provisions of the will in her favor, she is not estopped from pursuing any right which the law gives her.

Section 10509-89 GC gives a surviving spouse the right to purchase the mansion house of a decedent at the appraised value if the same is not "specifically devised".

Under the joint will above referred to the decedent gave all of his "property, real, personal or mixed of every kind and nature whatsoever and wheresoever situated," to his wife "for and during the term of her natural life," or as long as she remained his widow with power of sale. At the death of the wife all property of the deceased remaining was to be divided into five parts and distributed to the children of the parties as set forth in the will. If the wife exercised the power of sale, the proceeds were to be distributed to the children of the parties and herself in the proportions set forth in the will.

A specific devise of realty is a gift of a specific parcel of land so described in the will as to distinguish it from other land or property. Under this definition a devise of all of a testator's realty, or a residuary devise of realty is general and not specific. (See Page on Wills, Sec. 1232.)

The court must therefore hold in this case that the mansion house was not specifically devised in the will of the decedent, whether the widow elected to take under the will or not.

What is the power of the probate court under §10509-89 GC.? This section provides that "on hearing, the finding of the court shall be in favor of such surviving spouse unless it appears that the appraisement was made as a result of collusion or fraud, or that it is so manifestly inadequate that a sale at such price would unconscionably prejudice the rights of the defendants or creditors, and the action of the court shall not be held to prejudice the rights of lien holders."

No evidence was introduced in this case to show that there was any collusion or fraud in the appraisement, or that the proposed sale would unconscionably prejudice the rights of the other heirs, creditors or possible lien holders. The doctrine of estoppel does not exist.

It will therefore be ordered that the purchase be approved, and that a commissioner be appointed to make a deed of the property purchased when this order becomes final.