*22
 
 Stewart, J.
 

 The questions presented by the record in this case are:
 

 1. Is the trust created under the will of testatrix personal to the named trustees?
 

 * 2. Do the-children of the testatrix, by reason of the claimed failure of the trust and the fact that the proceeds from the sale of the real estate are directed to be used eventually in the purchase of annuities for the children beneficiaries, have the right to be presently vested with the fee-simple title in the real estate in lieu of the annuities, after such beneficiaries made a demand and election therefor?
 

 The answer to the first question is simple.
 

 Klein is serving as trustee by appointment by the Probate Court, the first trustee named in the will having resigned and the second trustee having declined to serve.
 

 In item eight of the will the first few words read, “I hereby fully authorize and empower my trustee, hereinafter named, and his successor or successors, to let and rent my said real estate,” etc. The use of the words “successor or successors,” when only one successor was named in the will, clearly shows that testatrix' intended that the trust she created should not be uniquely personal to the trustees she named.
 

 The second question is more important and is the one which plaintiffs earnestly urge.
 

 The courts of England, Massachusetts and New York have held, without reservation, that, when a testator directs either his executor or trustee to use a capital sum from testator’s estate to purchase an unrestricted life annuity for a beneficiary, the beneficiary may elect and be entitled to receive the capital sum instead of the annuity. This has been the settled rule in England since it was laid down in 1797 in the case of
 
 Barnes
 
 v.
 
 Rowley,
 
 3 Vesey, Jr., 305, 30 Eng. Rep. R., 1024.
 

 
 *23
 
 In the case of
 
 In re Brunning
 
 (1909), L. R., 1 Ch., 276, 279, 78 L. J. Ch., 75, 99 L. T., 918, the court said:
 

 “Now it seems to me that the origin of the rule, that where money is bequeathed to be invested in the purchase of an annuity it must be regarded as a vested legacy from- the death of the testator of the sum that will purchase the annuity, was the idea that it was a matter of indifference whether the annuitant had his annuity purchased for him or received in cash the sum that would purchase it, because, if the annuity was purchased for him, he could sell it the next day.”
 

 - The English rule was followed by the Supreme Judicial Court of Massachusetts in the case of
 
 Parker et al., Exrs.,
 
 v.
 
 Cobe,
 
 208 Mass., 260, 94 N. E., 476, 33 L. R. A. (N. S.), 978. In that case there was a bequest to trustees of $75,000 “to be used to purchase an annuity or annuities for Ruth H. Cobe, my niece, the payments thereof to be paid to her quarterly, if that can be done.”
 

 The Massachusetts court followed the English decisions and stated:
 

 “The reasoning on which the rule is established is that the legatee can sell the particular object as soon as it is bought and the law will not require the performance of a nugatory act. Consequently it is of no consequence that the particular object is to be bought by the executor and not by the legatee.”
 

 The Court of Appeals of New York likewise followed English precedent, in the case of
 
 In re Estate of Cole,
 
 219 N. Y., 435, 114 N. E., 785, Ann. Cas. 1918E, 807, the headnote of which case is :
 

 “The testamentary gift of an annuity must be regarded as a legacy of the definite sum required to purchase it, and, where an absolute and unqualified annuity is given by a testator, with instructions to invest a sum sufficient to purchase the same, the annuitant may elect to take the capital sum thereof, instead of
 
 *24
 
 having it invested for the purpose of producing the annuity. ’ ’
 

 Aside from the present case, the question has never been passed upon by the courts of Ohio. However, this court in construing wills has never deviated from the proposition that, as said in paragraph two of the syllabus in
 
 Union Savings Bank & Trust Co.
 
 v.
 
 Alter,
 
 103 Ohio St., 188, 132 N. E., 834, “the controlling object in the construction of a will is the ascertainment and declaration of the intention of the testator. ’ ’
 

 It has always been our theory that, since the testator is the owner of the property at the time he makes disposition of it and at the time of his death, he has the sole right, if of sound mind and under no undue restraint, to dispose of it in any way he sees fit, provided such disposition is not repugnant to law; and that neither the court nor the beneficiaries in a will can amend or change the will simply because they might think another disposition' more desirable, equitable or just.
 

 It is true that the annuities provided for in the instant case probably could be alienated by the annuitants and would be subject to claims against the annuitants, but, nevertheless, the testatrix in no uncertain terms provided for the annuities and it could be argued that she must have had in mind that, even though the beneficiaries thereof might alienate them, nevertheless, they were a safer gift than would be an outright bequest of the capital sum to be used for the purpose of the annuities.
 

 In the view we take of this case, it is not necessary for us to decide whether the rule as announced by the courts of England, Massachusetts and New York is the law in Ohio. It might be said in passing that the Legislature of New York has changed the rule announced by the Court of Appeals there, by statute, and now when money is bequeathed by will to purchase
 
 *25
 
 an annuity for a beneficiary, that beneficiary can no longer elect to receive tbe capital sum in place of tbe annuity.
 

 In all the cases, both English and American, which bear upon this question, sums were directed to be either immediately or at certain times invested in annuities for the benefit of the proposed annuitants, and there were no questions of discretion of trustees involved.
 

 The court said in
 
 Parker
 
 v.
 
 Cobe, supra:
 

 “The case at bar is not a case where $75,000 was left upon the trust that the income of it should be paid to Ruth EL. Cobe during her life, but it is a case where the $75,000 was to be laid out by trustees in the purchase of an annuity for Ruth H. Cobe during her life. For that reason it is not a case within the rule of
 
 Claflin
 
 v.
 
 Claflin,
 
 149 Mass., 19 [20 N. E., 454, 14 Am. St. Rep., 393, 3 L. R. A., 370]
 

 The
 
 Claflin case
 
 was concerned with a will whereby a testator gave a part of his personal estate to trustees in trust to sell and dispose of same and to pay the proceeds to his son, $10,000 ;when the son reached the age of 21 years, $10,000 when he reached the age of 25 years, and the balance when he peached the- age of 30 years. After the son became 21 and received the first $10,000, he filed a bill in equity to obtain the rest of the fund. His claims were that the entire beneficial interest in the fund was his, and there was no reason why the fund should be held longer by the trustees; and that the provisions postponing payment to bim were void. The court there held that the restriction upon the plaintiff’s possession and control was one that the testator Rad a right to make and there was no good reason why his intention should not be carried out.
 

 However, even if we were inclined to follow the rule as to the right of a'beneficiary, for whom a capital
 
 *26
 
 sum had been directed in a will to be invested in an annuity, to take the capital sum itself, the rule would not be applicable in the present case. Here a trust was set up; the trustee was given full discretion in the management of fiye parcels of real estate; he was given an absolute discretion as to when, within 15 years, he would sell the property; no annuity could be purchased until the property was sold; in the meantime, the net income of the property was to be distributed to the beneficiaries; and a sister of the testatrix was given the right to occupy a part of one of the parcels of real estate during all the time the trustee did not exercise his discretion in leasing or selling that part and, until such leasing or selling, her rights are a charge upon the property.
 

 Since the testatrix died in J une 1939, the trustee has more than six years remaining within which to exercise his discretion to sell. This is not a dry trust or one that has failed, 'but it is an active one devolving upon the trustee the duties of management in every detail, of paying over net income to the beneficiaries, of protecting the rights of the sifter, and of eventually, when the trustee sees fit, selling the various parcels and investing the proceeds in annuities.
 

 When the sales of the real property have been made, and the money is in the trustee’s hands for the purpose of investment in annuities, then, and not until then, will there be a possible right of the children beneficiaries having the option of claiming the capital sum in place of the annuities themselves.
 

 The trustee has made contentions, raising other questions, namely, that there is no evidence that Al-win J. Feiler and Delphia- C. Albaugh have consented to the desires and .demands of the plaintiffs; that the interests of the various children beneficiaries are in greatly different amounts; and that, therefore, the doctrines of equitable conversion and reconversion,
 
 *27
 
 which plaintiffs have attempted to apply in support of their claims, are not applicable.
 

 The doctrine of equitable conversion has been recognized in Ohio. In
 
 Holt
 
 v.
 
 Lamb,
 
 17 Ohio St., 374, paragraphs one and two of the syllabus read:
 

 “1. Where land is devised to a tenant for life, with direction that at his death it be sold, and the proceeds divided among his children, the children may elect at his death to take the land itself, or to have it sold for their benefit.
 

 “2. The right or estate of such children does not accrue until the death of the tenant for life, although his estate may be determined during his lifetime.”
 

 It is obvious that the doctrine of equitable conversion, as interpreted by this court, is to the effect that such doctrine cannot be applied until preceding estates have been ended.
 

 In the present case, since the trustee has a legal title to the five parcels of real estate and his estate therein may run until 1954, the plaintiffs cannot now take advantage of the doctrine, even assuming that it applies to this case.
 

 There is no charge here of fraud, misfeasance or malfeasance on the part of the trustee in the exercise of any discretionary power which the will gives him, and, in the absence of an abuse of his discretion, the court cannot terminate the trust which has been created by the plain and unambiguous words of the will of testatrix, nor can the beneficiaries of the will do so even if they were in complete agreement as to such a course. Neither a court nor beneficiaries can make a new and different will for the testatrix.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed. ,
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Sohngen, JJ., concur.