**Lammers**
v.
**Fifth Third Bank**
*[Cite as 2 AOA 31]*

Case No. C-890097
Hamilton County, (1st)
Decided April 18, 1990

Porter, Wright, Morris & Arthur, Irving Harris, Esq., Jerome J. Metz, Jr. Esq and Holly S. Doan, Esq, 250 East Fifth Street Cincinnati, Ohio 45202 for Plaintiff-Appellant,

Edward Noe, Esq., 3307 Clifton Avenue, Cincinnati, Ohio 45220, for Defendant-Appellee.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the arguments of counsel.

Plaintiffs-appellants, Lois N. Lammers and Doris N. Craig, appeal from the judgment of the Court of Common Pleas, Probate Division, in which the court found that the trust provision under which appellants are life beneficiaries mandates that the trustee accumulate the excess income generated by the trust. For the reasons that follow, we affirm the trial court's judgment.

Appellants are the daughters of Owen L. Negangard, who died in 1986 leaving a last will and testament dated August 17, 1971, and a first codicil to the will dated July 29, 1975. Item V(c) of the will, as amended by the first codicil, provides:

"(c) Upon the death of my wife, Nora Ellen Negangard, or upon my death if I survive her, the sum of ten thousand ($10,000.00) dollars shall be divided equally amongst my great grandchildren, then living, and fifteen thousand ($15,000.00) dollars is to be paid to each of my daughters, Lois N. Lammers and Doris N. Craig, and the Trustee shall pay the sum of three hundred ($300.00) dollars each month (from income or corpus) to each of my said daughters for the remainder of their life.

Upon the death of either daughter, after my wife and I are deceased or upon the death of the survivor of my wife and me, one-half (1/2) of the remainder of the trust shall be paid and distributed equally to my grandchildren and upon the death of the second daughter, or upon the death of the survivor of my wife and me if both daughters predecease us, the entire remainder of the trust shall be paid and distributed equally to my grandchildren, except that if any grandchild has not attained the age of thirty (30) years, his or her share shall remain in trust until said grandchild attains said age of thirty (30) years. The trust held for a grandchild may be used for his or her care, support and college education or the income

may be added to the corpus of the trust at the sole discretion of the trustee. If a grandchild dies before attaining the age of thirty (30) years, or predeceases his or her mother, and is survived by issue, then said issue shall take its parent's share equally, except that if said issue has not attained the age of thirty (30) years, then that child's share shall remain in trust for its benefit until attaining the age of thirty (30) years when the trust shall terminate. The income and corpus of the trust may be used for the care, support and education of said issue or the income may be added to the corpus at the sole discretion of the Trustee."

The testator's wife, Nora, predeceased him. The testator re-married and that spouse survived him. However, pursuant to a post-nuptial agreement, the surviving spouse, Olive, waived all property rights to the testator's estate.

On October 4, 1988, appellants filed a complaint for construction of the instant will, requesting that the court order the trustee, the Fifth Third Bank, to distribute the accumulated income to appellants. On November 30, 1988, pursuant to Fifth Third's motion, the trial court appointed appellee C. Edward Noe, Esq., trustee for the interest of the unborn issue of the testator and guardian *ad litem* for the minor issue of the testator.

Trial was had on appellants' complaint on January 11, 1989. While there is no transcript of that proceeding, the court did issue findings of fact and conclusions of law. The trial court found, *inter alia,* that (1) the trust was generating income in excess of the monthly award to appellants set forth in the trust instrument; (2) the testator feared that, because of disability and disease, he would not have enough funds to support his wife and himself throughout their lifetimes; (3) the testator believed that it was unlikely that his estate would generate income in excess of $600 per month; (4) the appellants' current circumstances were such that their respective incomes did not meet their needs; (5) appellants' children were financially in better straits than their parents; and (6) the testator's grandchildren joined in appellants' prayer that the trial court construe the will so as to allow the distribution of all net income of the residual trust to the appellants.

The trial court construed the will as requiring that each appellant receive neither more nor less than $300 per month. The court further ruled that the excess income should be accumulated so that the remainder, plus any such accrued income, should be distributed to the testator's grandchildren or their issue, pursuant to the terms of the will.

From that judgment the appellants bring this timely appeal in which they urge in a single assignment of error that the trial court erred in holding that the testator intended for the trust's excess income to accumulate rather than be paid to the life beneficiaries. We are unpersuaded.

In reaching its decision, the trial court relied upon *Schoeny v. The Central Trust Co.* (July 22, 1987), Hamilton App. No. C-860561, unreported. In *Schoeny,* the surviving issue of the testator petitioned the court to construe a trust agreement so as to require that all the income of the trust be distributed to them under the provision set forth in the trust instrument which directed the trustee to pay $200 per month to each of the testator's sons during their lifetime, and thereafter to the deceased sons' issue, *per stirpes.* The trial court granted the petition, and ordered (1) that all of the income of the trust be distributed each month to the testator's issue and (2) that the amount distributed to the testator's issue should be no less than $200 each month and should be adjusted by an inflation factor based upon the consumer price index. Additionally, the court ordered the trustee to make new investments in high-yield securities. On appeal, we held that the trust agreement did not manifest an intention on the part of the testator that the trust be administered by the trustee as directed by the trial court. We ordered that the trustee administer the trust according to the express provisions of the granting item within the trust agreement. *Id.,* slip op. at 7.

We agree with the trial court that *Schoeny* controls the cause *sub judice.*[1] Accordingly, we hold that the trial court did not err in construing the instant trust agreement to provide for the accumulation of excess income.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ.

---

[1] In our analysis of *Schoeny, supra,* slip op. at 6-7, we quoted from the cases cited below as follows:

[S]ince the testator is the owner of the property at the time he makes disposition of it and at the time of his death,

he has the sole right, if of sound mind and under no undue restraint, to dispose of it in any way he sees fit, provided such disposition is not repugnant to law; * * * [thus,] neither the court nor the beneficiaries in a will can amend or change the will simply because they might think another disposition more desirable, equitable or just. *Feiler v. Feiler* (1948), 149 Ohio St. 17, 24, 77 N.E.2d 237, 240.

It is an inalienable right of a testator to make a will, and, as long as it is not unlawful and the testator is competent, it is an abuse of discretion to alter his will. *In Re Estate of Nagle* (1974), 40 Ohio App. 2d 40, 44, 317 N.E.2d 242, 245.