## In re ESTATE OF DERIFIELD.

[Cite as *In re Estate of Derifield* (1993), 88 Ohio App.3d 559.]

Court of Appeals of Ohio,
Lawrence County.

No. 92 CA 27.

Decided July 8, 1993.

*Richard D. Kennedy,* for appellant, Lonnie Nixon.

*Randall L. Lambert,* for appellee, Noah Dean Hopper.

---

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Common Pleas Court of Lawrence County, Probate–Juvenile Division, overruling a motion to vacate a certificate of transfer previously issued and filed in the estate of Clifford Derifield, deceased. The following errors have been assigned for our review:

"I. The probate court erred in concluding the second clause of testator's will not to have constituted a valid residuary clause.

"II. The probate court erred in not vacating the transfer of burial lots, as said lots do not pass under the general residuary clause contained in a testator's will, but descend to the heirs of the testator as intestate property."

The record reveals the following facts pertinent to this appeal. Clifford Derifield (hereinafter referred to as "the decedent") died in May 1985. The decedent left four adult children as heirs at law and no surviving spouse. On August 16, 1985, Lois Hopper, one of decedent's daughters, made application with the court below to probate her father's last will and testament. The will was admitted into probate and, subsequently, the estate was relieved from administration.[1] The assets of the estate were then, presumably, transferred or delivered to Lois Hopper, who was named sole beneficiary in the will.

---

1. The law at the time of decedent's death allowed an estate to be relieved from administration if, among other things, the value of its assets were less than $25,000. See R.C. 2113.03. The

On March 5, 1992, Noah Dean Hopper, the surviving spouse of Lois Hopper and appellee herein, made application to reopen the estate and to have himself appointed "successor commissioner."[2]  Appellee sought to have the decedent's interest in several burial lots at Highland Memorial Gardens in South Point, Ohio, transferred to himself as his wife's heir.  The lower court granted the application and, on May 18, 1992, approved the distribution and transfer of those lots to appellee.

On July 8, 1992, Lonnie Nixon, another of decedent's daughters and appellant herein, filed a motion to vacate the transfer.  Appellant argued that the burial lots would descend to all the decedent's heirs rather than pass by testamentary bequest to a residual beneficiary.  Appellee filed a memorandum contra, arguing that the clear intent of the decedent was for all property, including interests in burial lots, to pass to Lois Hopper.  On August 19, 1992, the lower court issued its decision, holding that burial lots do not pass under a residuary clause in a will.  However, the court reasoned, Lois Hopper was bequeathed "everything" in the decedent's estate and did not acquire the lots through a "residual" bequest.  The court then concluded that the lots had been properly transferred to Lois Hopper and that appellant's motion to vacate the transfer should be denied.  A judgment to that effect was entered on September 9, 1992, and this appeal followed.

█ The method by which ownership interests in burial lots pass, at death, to successive generations is a topic which has received little treatment under the law of Ohio or that of other jurisdictions.  Nevertheless, the general rule appears to be that burial lots do not pass under a general or residuary clause in a will but rather pass to the heirs at law of the testator as if he had died intestate.  See 14 Ohio Jurisprudence 3d (1979) 355, Cemeteries and Dead Bodies, Section 52; see, also, Annotation (1969), 26 A.L.R.3d 1425, 1426–1427.  The lower court relied on this rule in reaching its decision and both parties agree that it is a correct statement of the law.[3]

———

record in the cause *sub judice* indicates that the decedent's assets were valued at just over $12,000.

2.  A "commissioner" is an individual appointed by the probate court to carry out distribution of assets after an estate is relieved from administration.  See R.C. 2113.03.  Lois Hopper was so appointed below and appellee sought to be appointed "successor commission[er]" on the reopening of the estate as her surviving spouse.

3.  The seminal case in this area of the law is *In re Waldron* (1904), 26 R.I. 84, 58 A. 453, wherein the Rhode Island Supreme Court concluded that, legally, burial lots have been shorn of so many of the ordinary attributes of property as to raise a presumption that they are not intended to be passed under a general devise.  The court noted that burial lots are usually acquired for the family and "[a] sort of trust attaches to the land for the benefit of the family." *Id.*, 26 R.I. at 86, 58 A. at 454.  Neither a widow nor a child can be excluded from it for want of title, yet such a result might follow if the tenure was like that of other real estate.  *Id.* at 86–87, 58 A. at 454.87, 58 A. at 454.  These principles have been applied under Ohio law, see

The real conflict between the parties is whether the decedent's bequest to Lois Hopper was residual in nature so as to bring such rule into play. Both assignments of error address this issue and we shall consider them together. At the outset, it is not entirely clear to us that the disposition of this case would depend on the testamentary provision being characterized as "residuary" or non-residuary. The rule that burial-lot interests pass as if by intestate succession is said to apply to *both general and residuary devises*. See Annotation, *supra*, 26 A.L.R.3d at 1426–1427. Assuming *arguendo* that such characterization is crucial to the outcome of this case, we note the following portion of the decedent's will:

"All the rest, residue and remainder of my property, real and personal, owned by me at the time of my death or over which I may have power of disposition, I give, devise and bequeath to my beloved daughter, Lois Ann Hopper, to be hers absolutely and forever, if she survives me by at least two (2) months."

■ The words "all the rest, residue and remainder" are generally indicative of a residuary clause in a will. See 32 Ohio Jurisprudence 3d (1981) 280, Decedent's Estates, Section 787. The lower court correctly defined such a clause as one which disposes of that part of the testator's estate which remains after satisfaction of all previous bequests and devises. See *Collins v. Patton* (App.1952), 64 Ohio Law Abs. 518, 519, 113 N.E.2d 100, 102. The court then apparently carried this definition one step further and reasoned that a clause could not properly be deemed "residuary" unless there was some other devise or bequest specified in the will. It was noted that there were no other bequests in the decedent's will and, therefore, Lois Hopper took "everything" in the estate rather than the "remains" of the estate. The court then concluded that the decedent's bequest to his daughter was not a "residuary" clause. Appellant now argues that the lower court was operating under too stringent a definition of "residuary clause" by requiring the existence of some other bequest in addition to that clause disposing of the residual estate. We agree.

---

*Persinger v. Persinger* (C.P.1949), 54 Ohio Law Abs. 295, 300–301, 86 N.E.2d 335, 338, and have been adopted in other jurisdictions as well. See Annotation (1969), 26 A.L.R.3d 1425, 1428. Although there is authority for the proposition that interests in burial lots may pass to a designated legatee if *specifically mentioned* in the will, see *Waldron, supra*, 26 R.I. at 85, 58 A. at 453, there is no such specific reference in the will before us and, accordingly, we do not address the issue. Suffice it to say that, if the general rule is applicable in this case, the decedent's four children would have each taken an undivided one-quarter interest in the remaining burial lots. Each child of the decedent then has a right, independent of the consent of brother or sister, to be buried in the remaining family lot(s). *Persinger, supra*, 54 Ohio Law Abs. at 302, 86 N.E.2d at 339. However, the burial of a nonfamily member may require consent by all cotenants in the lot(s). *Id.;* see, also, *Lewis v. Walker* (1894), 165 Pa. 30, 30 A. 500.

Generally speaking, a residuary clause disposes of all the testator's estate for which there has not been some previous disposition. See *Newman v. Newman* (P.C.1964), 94 Ohio Law Abs. 321, 332, 28 O.O.2d 154, 160, 199 N.E.2d 904, 912. A residuary legatee can just as easily be one who takes the entire estate as one who takes the remaining estate after numerous specific bequests. Although a residuary clause, in a strict sense, would seem to presuppose prior particular bequests or devises, a bequest of "all" of the testator's property or estate is also treated as a residuary clause. *Jackson v. Jackson* (1975), 217 Kan. 448, 455–456, 536 P.2d 1400, 1407; see, also, *In re Hogan's Will* (Sup.Ct.1962), 37 Misc.2d 806, 810–811, 237 N.Y.S.2d 361, 366; *In re Armstrong's Estate* (1943), 347 Pa. 23, 25, 31 A.2d 528, 529; *Goforth v. Goforth* (1941), 202 Ark. 1017, 1021, 154 S.W.2d 819, 822. This is also the consensus of other authorities. See, *e.g.*, 4 Page, Wills (1961) 373, Section 33.48 (gift of testator's *entire* estate is said to be a residuary clause); 80 American Jurisprudence 2d (1975) 601, Wills, Section 1540.

An examination of decedent's will in light of these principles clearly shows that Lois Hopper was the residual legatee. Ownership interests in burial lots, as aforesaid, do not pass under the residuary clause of a will. Rather, they pass to the heirs at law of the testator as if he had died intestate. The lower court erred in not vacating the previous transfer of such interests to appellee. Accordingly, the two assignments of error are sustained, the judgment is reversed, and this cause is remanded to the probate court for further action to vacate the previous transfer of the burial lots.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, J., concurs.

HARSHA, P.J., concurs in judgment only.

HARSHA, Presiding Judge, concurring.

I concur in judgment only since I am not totally convinced in the wisdom and binding nature of the general rule that burial plots pass to the heirs at law rather than general or residual legatees. However, since the parties here appear to be content with such a rule, we need not address its application in this jurisdiction.