# In re ESTATE OF LINE.

[Cite as *In re Estate of Line* (1997), 122 Ohio App.3d 387.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–10–218.

Decided Aug. 18, 1997.

388

*Dallas P. Powers,* for appellant.

*Mary C. Lord;  Pratt & Singer* and *Gregory K. Pratt,* for appellee, estate of Marie N. Line.

*Betty L. Steigerwald, pro se.*

KOEHLER, Judge.

Plaintiff-appellant, Robert L. Line, appeals an order of the Butler County Court of Common Pleas, Probate Division, denying appellant's demand for a preliminary and permanent injunction in a will construction action.

Marie N. Line ("the testator") died testate on July 25, 1994. She was survived by her three children: appellant, Jeanne Woodrey, and Betty L. Steigerwald. On August 11, 1994, the testator's will, dated July 24, 1989, was admitted to probate and Woodrey was appointed executor of the estate in accordance with the provisions of the will. (Woodrey is hereinafter referred to as "the executor.") The testator's three children are all beneficiaries under the will. On September 8, 1995, appellant filed a complaint in the probate court against defendants-appellees, the estate of Marie N. Line and the executor, seeking a construction of the will and to enjoin the executor from selling the testator's real property.[1] An amended complaint filed September 27, 1995 added Steigerwald as a defendant.

The will provided in Items Two, Three, and Five as follows:

"ITEM TWO: I give and bequeth [sic] my personal effects to my daughters, Jeanne Woodrey and Betty L. Steigerwald, share and share alike.

"ITEM THREE: I give, devise and bequeath all the rest, residue and remainder of my property, real and personal, tangible and intangbile [sic], of every kind and description, wherever situated, absolutely and in fee simple, to my children, Robert L. Line, Jeanne Woodrey and Betty L. Steigerwald, share and share alike or to the lineal descendants per stirpes of any deceased child.

"* * *

"ITEM FIVE: I nominate and appoint my daughter, Jeanne Woodrey, to be the Executor of my Will, hereby authorizing and empowering her to compound, compromise, settle and adjust all claims and demands in favor of or against my estate; and to sell, at private or public sale, at such prices, and upon such terms of credit or otherwise, as she may deem best the whole or any part of my real or personal property, and I direct my executor to sell all my tangible personal property and real property as soon as practicable after the time of my decease giving to my said Executors if named herein the same right as other persons to purchase from my estate and to execute, acknowledge and deliver deeds and other property instruments of conveyance thereof to the purchaser or purchasers, and to pay any commissions or fees connected with said sale or sales. No purchaser from my Executor need see to the application of the purchase money

---

1. The property is located at 6034 Hamilton–Lebanon Road (a.k.a. State Route 63) in Middletown, Ohio.

to or for the purposes of the trust, but the receipt of my Executor shall be a complete discharge and acquittance therefor. My Executor shall have the right to collect rents and pay the expenses of any real estate until such time as it is disposed of. I request that no bond be required of my Executor."

In a memorandum filed November 1, 1995, appellant argued that the residuary clause in Item Three and the testamentary power of sale in Item Five were conflicting provisions that could not be reconciled, and that, as a result, the will had to be construed. Appellant argued that a fair construction of the will was "to give full effect to the dispositive provisions of items two and three, and to treat as administrative the language in item five, which contains no dispositive provisions at all."

In a decision filed on April 23, 1996, the probate court found that the language of the will contained no specific bequest of any of the testator's real property and that Item Three of the will was a residuary clause. The probate court concluded that while legal title to the testator's real property vested in the beneficiaries named in Item Three of the will, "the direction to sell found in item five, when read together with the subsequent phrase that '[m]y Executor shall have the right to collect rents and pay the expenses *of any real estate until such time as it is disposed of*' manifest[ed] an absolute or imperative direction to sell and convert her real estate as part of the administration of her estate." (Emphasis *sic.*) By judgment entry filed October 1, 1996, the probate court denied appellant's demand for a preliminary and permanent injunction and dismissed appellant's complaint. This timely appeal followed.

■ In his sole assignment of error, appellant argues that the trial court erred in construing the will. More specifically, appellant argues (1) that Item Five cannot be reconciled with Item Three, as Item Five does not contain any order to distribute the proceeds from the sale of the real property; (2) that the probate court erroneously applied the doctrine of equitable conversion, thereby nullifying the only dispositive clause in the will; and (3) that Item Three should prevail over Item Five, as Item Three contained "the most unambiguous language indicating the testator's dispositive intent."

■ It is well established that in the construction of a will, the sole purpose of the court is to ascertain and carry out the intention of the testator. *Oliver v. Bank One, Dayton, N.A.* (1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55, 57–58. Such intention must be ascertained from the words contained in the will. *Id.* "In construing the will, the court should make every effort to give effect to every provision of the will and to reconcile any apparent inconsistency." *Holmes v. Hrobon* (1951), 93 Ohio App. 1, 16, 50 O.O. 178, 185, 103 N.E.2d 845, 857.

■ We note at the outset that while appellant labels Item Three of the will as a residuary clause, his statement that "[n]o other specific bequest or devise [other than in Items Two and Three] is contained in the will" suggests that Item Three is a specific devise of real property. Item Three provides in relevant part that "I give, devise and bequeath all the rest, residue and remainder of my property, real and personal, * * * to my children."

■ It is well established that the words "all the rest, residue and remainder" are generally indicative of a residuary clause, that is, a clause which disposes of that part of the testator's estate which has not been specifically devised and bequeathed previously. *In re Estate of Derifield* (1993), 88 Ohio App.3d 559, 562, 624 N.E.2d 361, 362–363. "Although a residuary clause, in a strict sense, would seem to presuppose prior particular bequests or devises, a bequest of 'all' of the testator's property or estate is also treated as a residuary clause." *Id.* at 563, 624 N.E.2d at 363.

■ Furthermore, "[a] specific devise of realty is a gift of a specific parcel of land so described in the will as to distinguish it from other land or property." *Passoni v. Breehl* (P.C.1944), 41 Ohio Law Abs. 315, 320. "Under this definition, a devise of all of a testator's realty * * * is general and not specific." *Id.* In light of all of the foregoing, we find that item three is a residuary clause and not a specific devise of the testator's real property.

■ Upon the probate of a testator's will, the title to real property devised under the will vests immediately in the devisees, *Woodbridge v. Banning* (1863), 14 Ohio St. 328, 331, even though a power of sale may exist in the executor. *Smyth v. Anderson* (1876), 31 Ohio St. 144, 146–147. While a mere power of sale does not prevent the passage of title to the devisees, a power of sale coupled with a direction to sell confers the right of possession on the executor. *Hoffman v. Hoffman* (1939), 61 Ohio App. 371, 373–374, 15 O.O. 255, 256, 22 N.E.2d 652, 654, citing *Dabney v. Manning* (1828), 3 Ohio 321.

Item Five of the will provides:

"I * * * appoint * * * Woodrey, to be the Executor of my Will, hereby authorizing and empowering her * * * to sell * * * as she may deem best the whole or any part of my real or personal property, and *I direct my executor to sell all my * * * real property as soon as practicable* after the time of my decease * * *. [M]y Executor shall have the right to collect rents and pay the expenses of any real estate *until such time as it is disposed* of." (Emphasis added.)

The foregoing language does not merely grant a power of sale to the executor, it also explicitly gives the executor a direction to sell the real property as soon as practicable after the testator's death. In light of this imperative direction to sell,

the fact that Item Three is a residuary clause, and R.C. 2113.39 and 2113.51,[2] we find that the trial court did not err when it found that Item Five prevailed over Item Three.

In its April 23, 1996 decision, the trial court rebutted appellant's argument that because Item Five did not contain any order to distribute the proceeds from the sale of the property, it could not prevail by applying the doctrine of equitable conversion.

The doctrine of equitable conversion is well recognized in Ohio, *Feiler v. Feiler* (1948), 149 Ohio St. 17, 27, 36 O.O. 346, 350, 77 N.E.2d 237, 242, and is defined as "a change of property from real into personal or from personal into real, not actually taking place but presumed to exist only by construction or intendment of equity." *Bonadio v. Bonadio* (C.P.1933), 30 Ohio N.P.(N.S.) 470, 474. The application of the doctrine "may only be made where there is an absolute or imperative direction to sell and convert property." *Id.* at 475.

Appellant argues that the doctrine of equitable conversion had no application to the case at bar because the will did not contain "separate provisions for the passing of interests in real and personal property" and cites *Geiger v. Bitzer* (1909), 80 Ohio St. 65, 88 N.E. 134, in support of his argument. We find that *Geiger* is factually distinguishable from the case at bar and thus that its holding does not apply here. In *Geiger*, a widow elected to retain her dower and distributive share and not to take under the will of her husband. *Id.* at 70, 88 N.E. at 134–135. The Ohio Supreme Court held that when a widow retains her dower and distributive share, she cannot avail herself of the conversion directed by the will in ascertaining her share. *Id.* at 65, 88 N.E. at 134, syllabus. Such is not the case here. In light of the explicit and imperative direction to sell found in Item Five, we find that the probate court properly applied the doctrine of equitable conversion. See *In re Estate of Packard* (1963), 174 Ohio St. 349, 22 O.O.2d 409, 189 N.E.2d 434.

---

**2.** R.C. 2113.39 provides:

"If a qualified executor, administrator, or testamentary trustee is authorized by will or devise to sell any class of personal property whatsoever or real estate, no order shall be required from the probate court to enable him to act in pursuance of the power vested in him. A power to sell authorizes a sale for any purpose deemed by such executor, administrator, or testamentary trustee to be for the best interest of the estate, unless the power is expressly limited by such will."

A review of the record shows that the executor's power to sell is not limited by the testator's will. R.C. 2113.51 provides:

"The property of an estate which is specifically bequeathed may be delivered over to the legatee entitled thereto. Such legatee must secure its redelivery on demand to the executor or administrator. Otherwise, such property must remain in the hands of the executor or administrator to be distributed or sold, as required by law and the condition of the estate."

Appellant also argues that as one of the beneficiaries of the will, he has the option to take his share of the real property outright and cites *Holt v. Lamb* (1867), 17 Ohio St. 374, in support of his argument. We disagree.

In *Holt,* the Ohio Supreme Court held that "[w]here land is devised to a tenant * * * with direction that at his death it be sold, and the proceeds divided among his children, the children may elect at his death to take the land itself, or to have it sold for their benefit." *Id.,* paragraph one of the syllabus. A reading of *Holt* suggests that an election to take the land would have to be made by all of the children "if all are capable of electing." *Belle Ctr. v. Roundhead Twp. Bd. of Trustees* (1918), 99 Ohio St. 50, 55, 122 N.E. 41, 42.

A review of the record first shows that not all three beneficiaries of the testator's will agree to take the testator's real property rather than sell it. While appellant would apparently elect to take the land (especially since he is actually living on the property), the executor, who is also a named beneficiary, apparently found it to be in the best interest of the estate for the property to be sold pursuant to the testator's direction as set forth in Item Five.

The record also shows that appellant cannot elect to take the land. To be capable of electing, "beneficiaries [must] have succeeded to rights concerning the land itself." *Belle Center,* 99 Ohio St. at 55, 122 N.E. at 42. In the case at bar, while " '[t]he title certainly descended to the heir[s] * * *. [T]he right of possession did not descend with the title; that passed with the will for the better enabling the executo[r] to effect the objects of the testat[or].' " *Hoffman,* 61 Ohio App. at 374, 15 O.O. at 257, 22 N.E.2d at 654, quoting *Dabney v. Manning,* 3 Ohio 321. Without possession of the real property, appellant's title is merely a "naked title * * * subject to be divested by the execution of the power possessed by the executor" as provided in Item Five of the will. *Hoffman,* 61 Ohio App. at 373, 15 O.O. at 256, 22 N.E.2d at 654.

In light of all of the foregoing, we therefore hold that the probate court properly construed the testator's will. Appellant's sole assignment of error is overruled, and the judgment of the probate court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and WALSH, J., concur.